## THOMAS O. GATTON v. JOHN H. TOLLEY.

1. GUARDIAN'S DEED, *as Evidence.* There is no statute making a guardian's deed presumptive evidence that the directions and requisitions of the law have been observed and complied with in its execution, and therefore the proceedings and power by virtue of which it has been executed, must be shown before the deed can be introduced as evidence of a conveyance of the land therein described.

2. HOMESTEAD INTERESTS, *Conveyance of; Title of Purchaser.* If the homestead, occupied by the widow and family of an intestate after his death, or any interest therein, is sold and conveyed, while the premises are still occupied as a homestead by the widow and any one or more of the minor children, the title to such property or interest passes to the purchaser, but such conveyance will not interfere with the occupation of the premises as a homestead by any of said occupants not joining in the sale.

3. CO-TENANTS; *Action Between; Recovery.* Where a plaintiff, in an action in the nature of ejectment, alleges in his petition that he has a legal estate in the real property, therein described, and is entitled to the possession of all the property, and the proof shows he is a tenant in common of the property and the defendant is a co-tenant, and that the defendant denies the plaintiff's right, the plaintiff may recover against his co-tenant any part or portion of the land to which the proof shows him entitled.

4. ——— *Measure of Recovery.* The rents and profits to be recovered in an action in the nature of ejectment, are only those that have accrued within three years before the commencement of the action.

### Error from Neosho District Court.

EJECTMENT brought by *Tolley* against *Gatton,* to recover the possession of a quarter-section of land in Neosho county, together with certain damages for the detention thereof, plaintiff claiming that he was a tenant in common with his brothers and sisters in the premises, and that as such tenant he was entitled to the possession of all the real estate as against *Gatton,* whom he claimed was a stranger and trespasser; and that, as he claimed, the land having been occupied as a homestead by his father (the intestate) and his family, at such intestate's death, and continued to be so occupied for a time by the widow and children after his death, and the widow not having married again, and the youngest child not having arrived at majority, that he was entitled in his own name to eject all intruders from the land, and enforce its homestead character. The answer denied the plaintiff's title, and admitted defendant's possession. On the trial, at the November Term, 1878, of the district court, the defendant claimed title under voluntary conveyances from the widow and some of the heirs, and under a guardian's deed for minor heirs. Judgment for the plaintiff, for the recovery of all the premises and $212 damages for the time defendant had been in possession. New trial refused, and *Gatton* brings the case here.

*L. Stillwell,* for plaintiff in error.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these:. James Tolley, father of the plaintiff below (defendant in error here), settled upon a quarter-section of government land, and made such improvements and had such residence thereon, that at the time of his death he was entitled to enter

the land as a home for himself and family, and to receive a patent therefor, under the provisions of an act of congress for the disposal of certain lands to *bona fide* settlers. ( 16 U. S. Stat., p. 55.)    Before completing his entry, he died, leaving a widow, America Tolley, and nine children, of whom said John H. Tolley is one.    The land was entered by the widow, America Tolley, for the heirs, on April 7th, 1871.    Mrs. Tolley died in widowhood, in 1873.    The said John H. Tolley brought this action on May 31st, 1878, against Gatton, to recover possession of the whole quarter-section of land, claiming to be a tenant in common with his brothers and sisters, and entitled to possession of every part of the land against Gatton, whom he alleged to be a stranger and intruder on the premises.    Said Tolley offered evidence tending to prove that he was the owner of one-eighteenth of the land as the heir of his father, and one-eighteenth as the heir of his mother, and that he had one-ninth by conveyance from his brother Charles, making two-ninths in all.

Gatton claimed that John H. Tolley and all the other heirs of James Tolley, deceased, had been divested of all title and interest in the land by virtue of certain guardian and administrator's deeds, and also certain voluntary conveyances, and offered proof to that effect.

The court below rejected the guardian's deed as incompetent evidence, on the ground that the proceedings in the probate court in the matter of the sale of the land described therein, which occurred prior to the execution of the deed, should first be introduced in evidence.    As to the other deeds, the court instructed the jury that, upon the evidence in the case, the land in controversy when James Tolley died was the homestead of America Tolley and the minor children, and could not be sold, alienated, partitioned or divided until the widow married again, or all of the children arrived at the age of majority, and that any deed executed by the widow or any of the heirs of James Tolley, deceased, for any portion of the land, before the widow married again, or all of said children arrived at the age of majority, was absolutely void

under the statutes of the state; that as all the deeds introduced in evidence by the defendant showed upon their faces that they were executed and delivered before all of the minor children arrived at the age of majority, and as the evidence showed the widow did not marry again, but died in 1874, all of said deeds were void. The court further instructed the jury that as the defendant was in possession under deeds which were void, and was a trespasser, said John H. Tolley was entitled to recover the possession of all the premises.

The court committed no error in rejecting the deed of America Tolley, as guardian of the minor children of James Tolley, deceased, of date of January 3, 1872, purporting to convey the title of the minors in the premises in dispute. There is no statute making a guardian's deed *prima facie* evidence that the law has been observed in its execution, and the proceedings and power under which it was executed, ought to have been shown before the deed was offered. Sec. 18, ch. 46, Gen. Stat., providing that the same rules that are prescribed in the sale of real property by executors and administrators, after the granting of the order of sale, shall be observed in sales under the provisions of this act, as far as applicable, is not broad enough to make guardians' deeds presumptive evidence that the directions and requisitions of the law have been in all respects complied with; therefore they stand in a different relation from that of executors' or administrators' deeds. Perhaps this is a mistake that the legislature ought to rectify, but until guardians' deeds are placed upon the same footing with executors' and administrators' deeds, as evidence of their recitals, the prior proceedings in the probate court upon which they rest must be first shown, before a court is compelled to receive such a deed as a valid conveyance of real estate. In this case no such evidence was presented, and therefore the deed was properly excluded.

We cannot indorse with like favor the instructions of the court. We have lately had occasion, in *Dayton v. Donart*,

*ante,* p. 256, to consider and construe the sections of the act relating to "descents and distributions," which are the subject of discussion in the case at bar; and much stated in the opinion in that case is applicable in this. It was there held, "that if the property or any interest therein is sold and conveyed while the property is still occupied as a homestead by the widow and any one or more of the minor children, the title to such property or interest passes to the purchaser." The instruction of the court, that the homestead could not be sold or alienated until the widow again marry, or all the children arrive at age, is in conflict with this authority, and not sound. There is no prohibition in the act of "descents and distributions" against a sale or other alienation of the homestead, and we cannot judicially interpolate such inhibition. Of course, such sale will not interfere with the right of any of the heirs not joining therein in their occupation of the premises as a homestead until the widow marry again, or all the children arrive at majority, or there is an abandonment of the premises as a homestead, and no enforced division can be had prior to that time. In this case it appears that there was not only a conveyance by the widow and some of the heirs, but that long before the commencement of the action there was an abandonment of the premises as a homestead by all the parties, minors as well as adults. The voluntary conveyances of the widow and heirs were not void, and Gatton was therefore not a trespasser.

Notwithstanding the claim of John H. Tolley to the whole of the premises in his petition, he may recover any part or portion of the land to which the proof may show he is entitled. (*Everett v. Lusk,* 19 Kas. 195.) But his recovery will be limited to the interest he has in the land, and his damages in proportion to such interest. The damages for withholding the premises, and for the rents and profits, can only be such as have accrued within the three years prior to the commencement of the action. While such cause of action

may, under the code, be united with an action for the recovery of real property, yet the three years' statute of limitations applies to such claims.

The judgment of the district court will be reversed, and the case remanded for a new trial in accordance with the views expressed in this opinion.

All the Justices concurring.