HENRY SEIBERT V. EDSON BAXTER.

36  189
41  306

36  189
d64  27

36  189
70  332

ACTION — *Joinder* — *Limitation.* A cause of action for rents and profits, although joined with one in the nature of ejectment, is founded on an implied contract, and therefore the limitation provided in the second subdivision of §18 of the civil code applies and controls. (*Gatton v. Tolley*, 22 Kas. 678.)

*Error from Marion District Court.*

ACTION for the recovery of land, and for rents and profits. Judgment for plaintiff, *Baxter*, at the June Term, 1885. The defendant, *Seibert*, brings the case here. The opinion states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Frank Doster,* for plaintiff in error.

*L. F. Keller,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Edson Baxter brought this action against Henry Seibert for the recovery of 40 acres of land in Marion county, and also for the rents and profits of the land while the possession was withheld. The court found that Baxter was seized in fee of the land, and was entitled to recover the same from the defendant Seibert, and also that the plaintiff was entitled to recover for the rents and profits thereof for three years prior to the commencement of the action. Judgment was accordingly given. Seibert brings the case here for review, but complains only of the allowance made by the court for rents and profits. The rental value of the land was agreed to be $90 per annum, and the only question in dispute here is for what length of time before the commencement of the action can a recovery be had. It is conceded that an action for the recovery of the rents and profits of the land is not controlled by the statute of limitations applicable to the recovery of the land itself. Plaintiff in error contends that it falls within

the third subdivision of § 18 of the code, and must be regarded either as a "trespass to real property," or an "injury to the rights of another not arising upon contract." The contention of the defendant in error is, that he was entitled to recover as upon an implied contract, under the statute providing that an action upon contract not in writing, express or implied, can be brought within three years after the cause of action shall have accrued. (Civil Code, § 18, subdiv. 2.) We think the defendant has taken the correct view. The question was examined and decided in *Gatton v. Tolley*, 22 Kas. 678, where it was said that—

"The damages for withholding the premises, and for the rents and profits, can only be such as have accrued within the three years prior to the commencement of the action. While such cause of action may under the code be united with an action for the recovery of real property, yet the three-years statute of limitations applies to such claims."

The use and occupation of land not owned by Seibert created a legal obligation against him, and in favor of the owner for the value thereof. It is true that the possession was held without the consent of the owner, and without any express promise of the occupant to pay the value of the same; but Seibert having enjoyed the benefits accruing from the possession, the law implies a promise to pay what it was worth, and this implied promise or contract is the foundation for the cause of action. (*National Oil Refining Co. v. Bush*, 88 Pa. St. 335; *Lary v. Hart*, 12 Ga. 422.) The amount of the recovery in such cases is not the injury done to the land, but is the net value of the use and occupation of the premises, from which there is deducted in certain cases the value of lasting and valuable improvements. It is said that an action of ejectment is founded on a wrong, and that the action for the rents and profits is consequent upon the ejectment, and being of the same nature, is joined with it. These causes of action are not united because they are founded on like grounds of recovery; but one being in the nature of tort and the other of contract, an arbitrary provision of statute was deemed necessary, and

has been enacted, to authorize a joinder of the causes of action. (Civil Code, § 83.) We think the action for rents and profits must be treated as one based upon an implied contract; and following *Gatton v. Tolley*, supra, we hold that the three-years statute of limitation applies.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.