DANIEL BEEDY v. THE STATE OF KANSAS.

NO. 94.

1. SCHOOL-LANDS—*Notice of Hearing.* An applicant for the purchase of school-lands under paragraph 5769, General Statutes of 1889, is not required to publish his notice 10 days prior to the filing of his petition; it is sufficient if such notice has been published 10 days prior to the day set for the hearing of such application.

2. ——— *Notice not Defective, Indefinite, or Uncertain.* A notice in the following form : "The undersigned hereby gives notice that he will, on the 2d day of April, 1894, make an application to the probate court of Rawlins county, Kansas, to purchase the following-described school-land, situated in the organized county of Rawlins, Kansas, viz., the S. E. quarter, S. W. quarter, N. W. quarter, N. E. quarter of the S. E. quarter of section 16, township 5, range 36. He names the following persons to prove his settlement, continuous residence and improvements, viz.: C. M. Hunter, residence Pentheka; Joe Conner, residence Pentheka, Kan. Done at Atwood, county of Rawlins, Kansas, this 16th day of March, 1894.—DANIEL BEEDY, *Petitioner,*" is not fatally defective, indefinite, or uncertain as to the land desired to be purchased.

MEMORANDUM.—Error from Rawlins district court ; A. C. T. GEIGER, judge. Application of Daniel Beedy

to purchase school-land. On appeal from the probate court the district court dismissed his petition, and he brings the case to this court. Reversed. The opinion herein, filed September 19, 1896, states the material facts.

*M. A. Wilson*, for plaintiff in error.

*W. McE. Whealen*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: On the 16th day of March, 1894, Daniel Beedy filed his petition in the probate court of Rawlins county, Kansas, to purchase certain school-land in that county. The petition alleges:

"That your petitioner would respectfully represent to this honorable court that he is over the age of 21 years, the head of a family, and that he did on the 20th of August, 1893, make actual settlement upon and has improved the southeast quarter of section 16, township 5 south, range 36, in the organized county of Rawlins, Kansas, and that he has resided thereon continuously and made it his only home since the 20th day of August, 1893, being a period of six months immediately prior to the appraisement of said land; that said land was appraised on the 16th day of March, 1894, at the sum of $480, and that the improvements on said land made by your petitioner consist of a permanent dwelling-house, and the following other improvements: One horse and cow-stable, hen-house, hog-pen, feed-yards, well, pump and piping with barrels set in the ground, 1 grain granary connected to the house, 16 x 24, and were appraised at the sum of $242; that he has given 10 days' notice through a newspaper of general circulation of the hearing of this petition; that the names and residence of the witnesses by whom he expects to prove said settlement and improvement are as follows, viz.: C. M. Hunter, residence, Penthcka, Kan.; J. Conner, Pentheka, Kan.; that a copy of said notice is hereto ap-

pended ; that he has not heretofore purchased school land under the provisions of the act providing for the purchase of school-land, approved February 18, 1896, or under the provisions of the act of which said act is amendatory. Now, therefore, your petitioner would respectfully ask that he be permitted to purchase said land at the appraised value thereof, as provided by law. And your petitioner will ever pray.

DANIEL BEEDY."

" State of Kansas, County of Rawlins, ss.

" I, Daniel Beedy, being duly sworn, depose and say, that I have read the foregoing petition and know the contents thereof, and that each and all of the statements contained therein are correct and true. So help me God. DANIEL BEEDY.

" Subscribed and sworn to in my presence and before me, this 16th day of March, 1894.

[SEAL.] G. LEEPER, *Probate Judge.*"

And on the 23d day of March published his notice, as follows :

" The undersigned hereby gives notice that he will, on the 2d day of April, 1894, make an application to the probate court of Rawlins county, Kansas, to purchase the folowing-described school-land situated in the organized county of Rawlins, Kansas, viz., the S. E. quarter, S. W. quarter, N. W. quarter, N. E. quarter of the S. E. quarter of section 16, township 5, range 36. He names the following persons to prove his settlement, continuous residence and improvements, viz., C. M. Hunter, residence Pentheka,, Joe Conner, residence Pentheka, Kan. Done at Atwood, county of Rawlins, Kansas, this 16th day of March, 1894. DANIEL BEEDY, *Petitioner.*"

Due and legal proof thereof was made and returned to the court, as follows :

" State of Kansas, Rawlins county, ss.

"*Proof of Publication.*— J. F. Price, of lawful age, being first duly sworn, deposeth and saith : That he is the publisher of the *Times,* a weekly newspaper

published in the city of Atwood, county of Rawlins, Kansas, and of general circulation in said county, and which said newspaper has been continuously and uninterruptedly published in said county during the period of 52 consecutive weeks immediately prior to the first publication of the notice ˙hereinafter mentioned, and that a notice, of which a true copy is hereto attached, was published in the regular and entire issue of said newspaper for two consecutive weeks, the first publication being made as aforesaid on the 23d day of March, A. D. 1894. And affiant further says, that he has personal knowledge of the statements set forth, and that they are true.    J. F. PRICE.''

''Subscribed and sworn to before me, this 2d day of April, 1894.                    A. K. BONE,
    [SEAL.]        Printer's fee, $3.        County Clerk.''

On April 2 the cause came on to be heard by the court and was refused. Beedy appealed to the district court. The county superintendent, on the 19th day of April, filed his demurrer, as follows:

''And now comes the defendant in the above action, by the county superintendent of public instruction, W. McE. Whealen, and demurs to plaintiff's petition for the following reasons: Defendant for ground of demurrer says, that the court has no jurisdiction of the subject of the action; defendant for further ground of demurrer says, that the petition does not state facts sufficient to constitute a cause of action.
                    W. McE. WHEALEN, County Supt.
Indorsement: ''No. 1419. Demurrer, filed April 19, 1894.—S. W. GAUNT, Clerk.''

The demurrer was heard by the court on the 29th day of May, 1894, and the following order was made:

'' Thereupon said cause came on for trial upon˙the petition of Daniel Beedy to be allowed to purchase the southeast quarter of section 16, in township 5 south, range 36, in Rawlins county, Kansas, and upon the demurrer to said petition by the superintendent, W. McE. Whealen. Thereupon˙said demurrer was

duly argued and submitted to the court. The court, being fully advised in the premises, finds that said demurrer is well taken; that said petition does not state a cause of action; that said applicant, Daniel Beedy, is not entitled to purchase said school-land; that said applicant, Daniel Beedy, did not purchase said lands in his pretended notice of the presentation of his petition to be allowed to purchase school-land. It is therefore ordered, considered and adjudged by the court that said demurrer be sustained, and said petition dismissed at the costs of Daniel Beedy, herein, taxed at $58.85, for which let execution issue. To all of which the said Daniel Beedy objected and excepted.''

Motion for a new trial was filed and overruled. Beedy brings the case here for review.

Counsel for defendant in error contends that the judgment of the district court should be affirmed for three reasons: First, want of jurisdiction, for the reason that, on the 16th of March, 1894, when the petition was verified before the probate judge, the record does not show that the probate court was in session. That this is not well taken needs no agument — scarcely comment. We know of no law requiring the probate court to be in session to enable the judge thereof to administer oaths or for the purpose of filing papers therein.

The second reason is not as clear as it might be, and we will quote the statement:

''The publisher's affidavit shows that the first publication notice was made on the 23d of March, 1894. The applicant, Daniel Beedy, claims the preferred right to purchase said school-lands under paragraph 5769, General Statutes of 1889, which lays down the conditions precedent to the acquiring of said preferred right; among others is the following, viz.: 'Any person may . . . file in the probate court of his county a verified petition stating therein . . .

that he has given 10 days' public notice through a newspaper of general circulation in the county wherein said land is situated, setting forth in said notice a description of the land, the names and residence of two witnesses by whom he expects to prove said settlement, . . . the time when (the time to be fixed by the probate judge) said petition will be heard by the probate court, and asking that he be allowed to purchase said land.' This is a condition precedent, and must be done prior to the filing of said petition in said probate court, or the petitioner acquires no preferred right to purchase said school lands.''

From the statements above quoted we assume that the point intended to be raised is that, as the notice had not been published 10 days prior to the filing of the petition, it and all subsequent proceedings were invalid.

We cannot agree with counsel in this, nor do we think the section will bear any such construction. It does not say so in plain words, nor can it be inferred, and if, on the day of hearing, such notice has been given, we think it is sufficient. It is one of the things to be proved on the trial, the same as the service of any other notice. Its object is to notify the public that on a certain day he will ask to purchase. It is to protect the rights of others who may have claims thereto and to give them time to prepare for any resistance they may have to offer to prevent the school-lands from being surreptitiously obtained. It in no way establishes his rights as a preferred purchaser; these are established by compliance with the other provisions of the statute, viz., settlement and actual, continuous residence for six months, making it his only home for that period, improving the same, and having a permanent dwelling thereon prior to the appraisement, then, as we have said, filing his petition within 60 days after its appraisement. If on

the day of trial it is shown to the court by legal proof that the public have been notified, their rights have been protected, no one can complain — no advantage has been taken. The notice has fulfilled its mission, and, if the proof sustains the allegations of the petition, the law has been complied with, and the right to purchase should be granted to the applicant.

For a third reason, they claim that the description of said land in said pretended notice of publication is defective, and indefinite, and uncertain, and capable of several meanings. What is defective, indefinite and uncertain in this description? "To purchase the following-described school-land situated in the organized county of Rawlins, Kansas, viz., the S.E. quarter, S.W. quarter, N.W. quarter, N.E. quarter of the S.E. quarter of section 16, township 5, range 36." True, it is not as full as it might be. These abbreviations might all have been written out. We will concede, that if certain words had been written between certain words the meaning might be changed, but they are not so written, and our duty is to take it as it is, not as it might have been written, and say what it means. We think the description sufficient, and that it describes four legal subdivisions of the southeast quarter of section 16, township 5, range 36, and is located in Rawlins county, Kansas. What other meaning it is capable of has not been pointed out, and we have failed to discover it. Well-known abbreviations may be used in conveyances, and are sufficient, but such as do not permit that degree of certainty which admits of no reasonable doubt as to their meaning — upon which persons of ordinary intelligence or courts can differ — are not allowable. We do not think this description falls within the exception above stated. There can be no reasonable doubt as to the meaning.

The record shows that in every instance where this transaction has been referred to, either by court or counsel for the state, it was thus understood — that Beedy was attempting to purchase a quarter-section of school-land. This being true, how could the abbreviations have reference to or mean anything except certain quarters of a certain quarter-section? It is the duty of the courts to give effect to instruments of writing so as to carry out the intentions of the parties when it can be done consistently with the rules of law — not to defeat them.

We think that the court had jurisdiction of the subject-matter and the parties to the action, and that the petition states facts sufficient to constitute a cause of action.

The judgment of the court below will be reversed, and cause remanded for further proceedings, in accordance with the views herein expressed.

All the Judges concurring.