J. A. MONFORT *et al.* v. THE LANYON ZINC COMPANY.

No. 13,206.   (72 Pac. 784.)

SYLLABUS BY THE COURT.

MINES AND MINING — *Oil and Gas Lease Construed.* A lease, based upon an otherwise sufficient consideration, which gives to the lessees or their assigns the exclusive right for ten years to enter upon the leased premises and prospect for oil, gas, and minerals, and, if oil or gas be found in paying quantities, the privilege of operating such wells as long as either can be produced in paying quantities, and further providing that if no gas-well be sunk on the premises within five years the lease shall become null and void unless the lessees or their assigns shall elect from year to year to continue the lease by paying or depositing forty dollars in

Monfort v. Lanyon.

a designated bank each year, in advance, to the credit of the
lessors, until a well shall be completed on the premises, is a grant
of a right to the use of the premises for the term of ten years, con-
ditioned on the payment or deposit of forty dollars per year in ad-
vance, after the expiration of the first five years.

Error from Allen district court; L. STILLWELL,
judge. Opinion filed June 6, 1903. Affirmed.

*Oscar Foust & Son, Baxter D. McClain,* and *H. A.
Ewing,* for plaintiffs in error.

*Campbell & Goshorn, C. E. Benton,* and *J. B. F.
Cates,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was commenced by the
plaintiffs in error as owners and grantors to set aside
an oil, gas and mineral lease of certain lands in Allen
county, Kansas, executed by them to Geo. A. Bowlus
& Co., and by the latter assigned to the defendants.
Judgment was rendered against plaintiffs, to reverse
which they prosecute this proceeding. The lease reads :

"This lease, made between J. A. Monfort and M. M.
Monfort, his wife, party of the first part, and Geo. A.
Bowlus & Co., parties of the second part :

" Witnesseth, that in consideration of one dollar, the
receipt of which is hereby acknowledged, and the fur-
ther consideration of drilling test wells in Allen county,
Kansas, for oil, gas, and minerals, the party of the first
part hereby agrees with the parties of the second part :
That they shall have the exclusive right for ten years
from this date to enter upon and operate for oil, gas.
and minerals all that certain tract of land in Elm
township, Allen county, Kansas, described as follows,
to wit : S. W. ¼ section 6, township 25, range 19, acres
160, containing 160 acres more or less, upon the fol-
lowing terms and conditions : Second party shall de-
liver in tanks at the wells to the first party, without
cost, one-tenth of all oil and minerals produced on

Monfort v. Lanyon.

these premises, and pay the market price in cash for the same if the first party should so desire, and fifty dollars per year for each gas-well of sufficient capacity to utilize when used off the premises. Said second parties are to pay all damages of any kind that may arise by reason of their operations thereon. If oil or gas is found in paying quantities in any well drilled, the privilege of operating shall continue as long as oil and gas shall be produced in paying quantities, and when abandoned for such purposes this grant shall cease and no longer be binding on either party. No wells to be located on cultivated land without the consent of the party of the first part. If gas is found on the above-described land, party of the first part is to have the use of same for domestic purposes free. The second party reserves the right to remove all machinery and fixtures placed thereon by them. In case no oil- or gas-well is sunk on these premises within five years from this date this lease shall become absolutely null and void, unless the second parties shall elect from year to year to continue this lease by paying or depositing to the credit of the first party each year in advance forty dollars at Bank of Allen county, Kansas, until a well is completed on these premises. It is understood by and between the first and second parties of this agreement that all conditions between the parties hereto shall extend to their heirs, executors, and assigns. We do hereby acknowledge that we did sign the foregoing instrument and that it is our free act and deed for the uses and purposes herein named."

More than five years after the execution of the lease this action was brought, and neither the lessees nor their assigns had sunk, or undertaken to sink, a well on the leased premises. It is contended by plaintiffs in error that by the conditions of the lease it was the clear intention of the parties that wells were to be immediately drilled upon the leased premises, and in case no such wells should be sunk within five years from the execution of the lease that the lease should be-

come terminated. The lease expressly granted to the lessees or their assigns the exclusive right for ten years from its date to enter upon the leased premises and prospect for oil, gas, and minerals, upon the performance by them of the following conditions : The payment of one dollar to the lessors, the drilling of test wells in Allen county, and either the sinking of a well or wells on said premises within five years, or each year in advance, after the expiration of five years, paying or depositing forty dollars in the Bank of Allen County, Kansas, to the credit of the first parties, until a well should be completed upon the premises. It is not seriously denied that the one dollar was paid, wells sunk and operated in Allen county, or that after the expiration of five years the lessees, each year in advance, deposited forty dollars in the Bank of Allen County, Kansas, to the credit of the lessors. We are of the opinion that the performance of these conditions had the effect to continue the lease in force for the period of ten years from the date of its execution, or so long as the lessees or their assigns continued to make this annual deposit. The language used in setting forth the conditions to be performed by the lessees in order to preserve this right is so plain that nothing is left for inference or speculation.

It is argued that it was the intention of the parties to commence operation upon the leased premises immediately, or at least within five years, and this, it is said, is plainly inferable from the following language in the lease :

"Second party shall deliver in tanks at the wells to the first party, without cost, one-tenth of all oil and minerals produced on these premises. . . . If oil or gas is found in paying quantities in any well drilled, the privilege of operating shall continue as

long as oil and gas shall be produced in paying quan-- tities. . ; . In case no oil- or gas-well is sunk on these premises within five years from this date this lease shall become absolutely null and void, unless the second parties shall elect from year to year to continue this lease by paying or depositing to the credit of the first party each year in advance forty dollars at Bank of Allen County, Kansas, until a well is completed on these premises."

There is none of these conditions that would be less operative or effective, or less beneficial to the grantors, after the expiration of five years than before. To give this language the interpretation contended for by plaintiff in error would be to do violence to the express terms of the lease, which declares that it shall not become null and void at the expiration of five years if "the second party shall elect from year to year to continue the lease by paying or depositing to the credit of the first party each year in advance forty dollars at Bank of Allen county, Kansas."

Counsel for plaintiffs in error call our attention to the case of *Huggins v. Daley*, 99 Fed. 606, 614, 40 C. C. A. 12, 48 L. R. A. 320, in support of their contention. An examination of that case will show that the conditions of the lease under consideration in that case differ materially from the present one. That lease contained the following condition:

"Provided, however, that a well shall be commenced upon the above-described premises within 30 and completed within 90 days from the date hereof; and, in case of failure to commence and complete said well as aforesaid, the lessee shall pay to the lessor a forfeiture of $50."

The court said:

"We are of opinion, upon the whole case, that the exploration for and development of oil and gas was the sole consideration for this lease; that the proviso

Monfort v. Lanyon.

requiring the boring of a well within 90 days was a condition precedent to the vesting of any interest in the lessee, and that the forfeiture of $50 was intended merely as a penalty to secure the drilling of the well, and, if paid, would have been merely compensation to the landowner for the right of the lessee to possession during the 90 days, and such payment would not be so far a compliance with the conditions of the lease as to vest in the lessee a title in the leased premises for the period of five years; that after the expiration of 90 days from the date of the lease, there being no provision therein for any work to be done by the lessee in the development of the property, which was the sole consideration therefor, the lessor had the option to avoid it.

The conditions of the present lease guarantee to the lessees the exclusive right for ten years to enter the premises and operate for oil, gas, and minerals; if they elect, after the expiration of five years, to continue the lease from year to year, they may do so by depositing forty dollars each year in advance to the credit of the lessors in the Bank of Allen county, Kansas. The defendants having complied with all conditions of the lease, it continues in force.

The judgment of the court below is affirmed.

All the Justices concurring.