Mitchell v. Mitchell.

CHAS. MITCHELL v. H. R. MITCHELL.

No. 13,594.   (77 Pac. 98.)

SYLLABUS BY THE COURT.

HOMESTEAD AND EXEMPTIONS—*Descents and Distributions.* The title to a homestead does not descend to the widow and children of the deceased owner who may occupy the land at the time of his death to the exclusion of other heirs who may reside elsewhere, but it descends in the same manner as the title to other real estate, subject only to the right of occupancy by the widow and children residing there until the widow remarry or the children all become of age.

Error from Osborne district court; R. M. PICKLER, judge.   Opinion filed June 11, 1904.   Reversed.

*J. K. Mitchell*, for plaintiff in error;  *Welch & Welch*, of counsel, and *L. A. Linville*, as guardian *ad litem.*

*Smith & Nicholas*, and *Reed & Sample*, for defendant in error.

The opinion of the court was delivered by

Burch, J. : William Charles Mitchell died intestate. in March, 1898. At that time he was the owner of a tract of land in Osborne county, which was occupied by himself and his wife, Anna Mitchell, as a homestead. He was survived by an adult son, H. R. Mitchell, who, together with his wife, also occupied the homestead as a residence. Another adult son, Clay Mitchell, died before his father, leaving a widow, Fannie Mitchell, and four children, named, respectively, Charles, William, Mabel, and Ira, all of whom resided in another state. After the death of William Charles Mitchell his widow and his son, H. R. Mitchell, continued to occupy the homestead. In an action of partition brought by Charles Mitchell the children of Clay Mitchell claimed the share of their grandfather's land which their father would have taken had he been alive. H. R. Mitchell contended that the land descended in equal shares to himself and his mother and resisted partition on that ground. Anna Mitchell took no part in the controversy, and no claim was made that the land was not subject to partition, if the heirs of Clay Mitchell had any title with which to support the action. The facts being agreed, the district court denied partition under a very liberal interpretation of section 2 of the law of descents and distributions (Gen. Stat. 1901, § 2504), which reads as follows :

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied by the intestate and his family, at the time of his death, as a residence, and continued to be so occupied by his widow and children, after his death, together with all the improvements on the same, shall be wholly

exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children ; provided, however, that the provisions of this section shall not apply to any encumbrance given by the consent of both husband and wife, nor to obligations for the purchase of said premises, nor to liens for the erection of improvements thereon.''

The judgment of the district court is directly opposed to the decision of this court in the case of *Dayton v. Donart*, 22 Kan. 256, which has been cited and approved many times, and which has always been regarded as containing a definite and final exposition of the law upon the question under consideration. It was there held that the title to a homestead does not descend to its occupants to the exclusion of heirs residing elsewhere, but that it descends in the same manner as the title to other real estate, subject only to the right of occupancy by the widow and the children who may reside there when the owner dies, until the widow remarry or such children all become of age. No good reason appears for disturbing this decision, and the children of Clay Mitchell are entitled to the share of the land which he would inherit if he were alive.

A motion to dismiss the proceedings in this court because of a defective case-made must be denied, the record having been properly certified as a transcript, in due time.

The judgment of the district court is reversed, with directions to enter judgment upon the agreed facts in accordance with this opinion.

All the Justices concurring.