Compton v. Gas Co.

O. W. COMPTON V. THE PEOPLE'S GAS COMPANY.

No. 15,007   (89 Pac. 1039.)

SYLLABUS BY THE COURT.

1. CORPORATIONS — *Creation* — *Purposes.* The language of the twenty-third clause of section 1249 of the General Statutes of 1901, enumerating some of the purposes for which corporations may be formed, is broad enough to authorize the creation of corporations for the purpose of supplying natural gas to the public.

2. HOMESTEADS — *Occupation by Widow and Children* — *Lease Executed by Widow.* An oil-and-gas lease upon lands of which a widow owns an undivided one-half and the other half belongs to the children, and a part thereof is occupied by the family as a homestead, is not void because executed by the widow alone. It conveys her individual interest in the oil-and-gas privileges, subject to the rights of those occupying the premises as a homestead.

3. ——— *Subsequent Lease Executed by the Other Tenants in Common.* A subsequent oil-and-gas lease of the same lands to a third party, executed by the children after the youngest child has reached majority, conveys the undivided interest of the children in the oil-and-gas privileges. Each lessee is entitled to the possession of the premises for the purposes of mining for oil and gas, but neither is entitled to the exclusive possession.

4. ESTOPPEL — *Conflicting Leases* — *Second Lease Taken with Notice of the First.* Where an oil-and-gas lease has been accepted by the lessee, and valuable improvements made thereunder, and the lessor has accepted the benefits and consideration, one who acquires a subsequent lease with notice of the facts and of the terms and conditions of the former takes subject thereto, and cannot be permitted to question the validity of the former on the ground that it lacks mutuality or that it has been revoked by the giving of the subsequent one.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 6, 1907. Affirmed.

STATEMENT.

O. W. COMPTON brought this suit to enjoin the People's Gas Company from operating on certain lands under an oil-and-gas lease, and to have the lease de-

clared void.  He claims under a subsequent lease.  The
land consists of a farm of 201 acres in Montgomery
county, an undivided one-half of which belongs to
Elizabeth Phillips, the other half to her children.  The
lease under which the People's Gas Company claims,
and which plaintiff seeks to have declared void, was
executed in May, 1900, to the Pennsylvania Oil Com-
pany by Mrs. Phillips, and afterward assigned to de-
fendant.

The husband of Mrs. Phillips, who originally held
the title, died in 1883, and at the time defendant's lease
was executed some of the children were minors, and a
portion of the premises was occupied by the family as a
homestead.  None of the children joined in the execu-
tion of the lease.  Compton claims by virtue of a lease
executed November 4, 1904, by Mrs. Phillips, in which
the children, all of whom were then of age, joined.

The People's Gas Company filed a cross-petition set-
ting up its lease, praying that it be declared valid,
and that plaintiff be enjoined from operating under his
lease.

Certain facts are admitted, and others were found
by the court, from which it appears that the lease un-
der which the People's Gas Company claims was duly
recorded soon after its execution, and that it contained
the following provision:

"In case no oil- or gas-well is sunk on the premises
within twelve months from this date this lease shall
become absolutely null and void, unless the second par-
ties shall pipe gas to within 100 feet of residence of
parties of the first part, and give the parties of the first
part the right to use gas for three stoves and four
lights."

It appears that no well was completed within twelve
months, but that within that period the holder of the
lease laid pipes and piped gas to within 100 feet of the
residence of Mrs. Phillips, supplied the family with
fuel during all of the time, and fully complied with and
performed all of the conditions and requirements of
the lease.  It also appears that the defendant, at an ex-

pense of $1250, drilled a producing well upon the premises. The court found, however, that the material for drilling this well was placed on the land on October 25, 1904, and that the drilling was commenced on the 15th day of November, and the well completed on the 1st of December, 1904; also, that plaintiff, on the 8th day of November, 1904, notified the People's Gas Company in writing of his lease and warned it not to drill any wells on the premises.

The court rendered judgment that plaintiff and defendant each owns an undivided one-half interest in the oil, gas and minerals in the lands, subject to the rights reserved by the owners; that each is as much entitled to the possession of the premises as the other, but neither is entitled to the exclusive possession. The temporary injunction granted at the beginning of the suit was dissolved, and the costs were divided between the parties. Plaintiff prosecutes error.

*Joseph P. Rossiter,* for plaintiff in error.

*Eugene Mackey, John J. Jones,* and *Zeigler & Dana,* for defendant in error; *Jones & Finley,* and *Lee & Mackey,* of counsel.

The opinion of the court was delivered by

PORTER, J.: Various objections are raised to the validity of the first lease, based upon the fact that a portion of the premises was a homestead when the lease was executed. When the suit was filed and these objections were first set up, and when plaintiff procured his lease, the youngest child had become of age and the homestead character of the premises no longer existed. While the homestead right was in existence no one entitled thereto complained or objected. After it was terminated a third party, never interested therein, seeks to have an executed contract set aside because, as he now claims, it was void at its inception.

It appears that the husband of Elizabeth Phillips died seventeen years before the first lease was executed.

We are aware of no law which prohibits the sale, lease or other alienation of premises occupied by a widow and the children as a homestead. As was held in *Gatton v. Tolley,* 22 Kan. 678, such sale or alienation is always subject to the right of the heirs to continue to occupy the premises as a homestead until the widow marries, the youngest child becomes of age or the homestead is abandoned. The interest of any heir may be sold, subject always to the rights of those occupying the premises as a homestead. (*Dayton v. Donart,* 22 Kan. 256; *Mitchell v. Mitchell,* 69 Kan. 441, 77 Pac. 98.) The widow herself may sell her interest, and, of course, may lease the same interest. The case of *Zinc Co. v. Freeman,* 68 Kan. 691, 75 Pac. 995, holding a lease given on lands owned by tenants in common and occupied as a homestead to be valid and binding upon the interest conveyed, settles the law adversely to plaintiff. The lease conveyed the interest of the lessor, Elizabeth Phillips. It binds her interest in the common property. This is precisely the effect which the judgment of the trial court gives to it.

It is insisted that the first lease was void because it authorized the commission of waste, which the widow herself could not commit nor authorize another to do. The argument is that, as it was impossible to take oil or gas from under one portion of the premises without taking it from under some portion belonging to the heirs, no valid lease could be given without all the heirs joining therein. But if the widow could not give a valid lease permitting others to take oil or gas from the lands, it must follow that she could not herself lawfully drill thereon for oil or gas or take them from under any of the lands. This would be placing a construction on the homestead laws which was never intended, and one which would lead to absurd consequences.

The original lessees in the lease executed by Mrs. Phillips were the Pennsylvania Oil Company, a partnership composed of two persons. We do not regard as

serious the contention that the lease is void because this partnership was not a corporation. The petition alleges that the People's Gas Company is now the owner and holder of the pretended gas lease.

Another contention is that the People's Gas Company has no legal capacity to sue. This is based upon an extremely technical and narrow view of the statute which declares the purpose for which corporations may be formed. The language of the twenty-third clause of section 1249 of the General Statutes of 1901 is: "The manufacture and supply of gas, or the supply of light or heat to the public by any other means." The words "by any other means" are certainly broad enough to include natural gas, although when the act was passed the use of natural gas may not have been within the contemplation of the legislature. Plaintiff brings this suit against the People's Gas Company and alleges it to be a corporation duly organized and existing under and by virtue of the laws of Kansas. It will not do for him to sue the company as a corporation and in the same suit deny that it is such, if it is within his power to question the corporate capacity of defendant in a collateral proceeding, which it is not necessary to decide.

At the time Compton took his lease Mrs. Phillips was using gas for domestic purposes, which had been furnished her for more than three years under the terms of the lease. She had never served any notice on the gas company that she desired a forfeiture of the lease, but had continued to use gas furnished thereunder. In view of these facts, which are admitted, it hardly seems necessary to present other reasons why plaintiff, who claims under her, is estopped from now setting up that the lease constitutes a mere license, revocable at her pleasure, and that the mere execution of the second lease constituted a revocation.

In the case of *Monfort v. Lanyon*, 67 Kan. 310, 72 Pac. 784, the lease provided that if no gas-well should

be drilled on the lands the lease should become void, unless the lessee paid forty dollars per year, and it was held that the payment of the money continued the lease in force.   Here, instead of the payment of a sum of money the lessee preserved all the rights granted under the lease by piping and furnishing gas for domestic purposes.   Besides supplying gas for these purposes, the court found that the company drilled a paying well on the premises at an expense of $1250.   Although the drilling was done after the execution of the second lease, the machinery was placed upon the ground before the second lease was made, and the agent of Mrs. Phillips selected the location of the well.   These and other facts mentioned likewise prevent plaintiff from overturning the first lease on the ground that it is void for want of mutuality.   After a lessee has operated under a lease for four years, and expended money in carrying out its terms, and the lessor during that time has accepted the consideration and benefits, a third party who takes a subsequent lease with notice of the former and of the facts cannot be permitted to defeat or set aside the former lease upon such grounds.

Numerous suggestions are made in plaintiff's brief in regard to the character of oil-and-gas leases generally, the necessity that there should be mutuality, and whether they are mere options revocable at pleasure. None of these questions, in our view of this case, is involved.   The lease of plaintiff contains this provision:

"It is agreed by the parties to this contract that this lease is taken by second party with full knowledge as shown by the records of Montgomery county, Kansas. The party of the second part agrees to pay all expenses that may arise by the granting of this lease."

He contracted with knowledge of the first lease, its terms and conditions, and bought a lawsuit.   Most of the facts are admitted by stipulation.   The court made but two findings in addition to the agreed facts. Plaintiff made no request for other findings or to set

37—75 KAN.

aside those made. They are based upon the evidence, and, of course, cannot be ignored or set aside here. The judgment of the court is supported by the facts and the law, and is just and equitable. It is affirmed.