CHARLES ERSKIN V. HENRY B. WOOD.

No. 15,321.   (95 Pac. 413.)

SYLLABUS BY THE COURT.

1. TENANTS IN COMMON—*Simultaneous Settlements on the Same Tract of School-land.* Where two persons settled upon a tract of school-land at the same time, and each made the required improvements and continued his residence thereon and acquired the right to purchase the same, and it was upon notice and hearing in the probate court determined that each had such right, and each of such settlers has made payment for the land and obtained a certificate thereof accordingly, the rights of such settlers appearing to be equal, they are tenants in common of such land.

2. ———— *Recovery of Undivided Interest.* A tenant in common may recover his undivided interest in lands against his cotenant who denies his right thereto.

Error from Ford district court; EDWARD H. MADISON, judge. Opinion filed April 11, 1908. Affirmed.

*M. W. Sutton, Thomas A. Scates,* and *Albert Watkins,* for plaintiff in error.

*L. A. Madison,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff and defendant made simultaneous entries upon a tract of school-land. Each made improvements exceeding $100 in value, and each resided on the land more than six months. Each published a notice of his intention to purchase as provided by law, and the date of hearing upon each notice was for the same day. Mr. Wood presented his proofs, and a finding was made by the probate court of the facts entitling him to purchase. He then made payment of the appraised value to the treasurer and received a certificate of purchase, and subsequently a patent was issued to him for the land. Mr. Erskin, however, published another notice, and on a later date,

upon a hearing thereon in the probate court, a finding was made in his favor of the facts entitling him to purchase, whereupon he paid one-tenth of the appraised value and was given a certificate of purchase of the same land. He remained in possession and claimed to be the sole owner when Mr. Wood commenced this action of ejectment, claiming that he was the owner and entitled to possession. The court, among other things, found as follows:

"There has been simultaneous settlements, improvements of practically the same character, and residence for the same length of time in the case of both parties. . . . Mr. Wood has a patent to this land, and the evidence shows that the defendant, Erskin, has not a patent, but that he holds a certificate of purchase, and that he has title to the land, for the purpose of this case, of equal importance as the title of the plaintiff. Now the question is whether or not the defendant, being in possession of the land, and the plaintiff, being out of possession, and the titles equal, the plaintiff is entitled to recover in this case. . . . They made improvements of the same character. Each understood that the other was there, and each understood when the other went there. Either party might have yielded his right to a portion of that land in consideration of the other party yielding his right to the other portion, but instead of doing that each went ahead with the understanding that the other party was there, and with the understanding that it might prove true that each party had as much right there as the other."

The court held that the parties were tenants in common of the land, and that, as the defendant had denied the plaintiff's right and claimed to be the sole owner, the plaintiff should recover an undivided one-half, to be held jointly with the defendant. The conclusion was correct. In volume 1 of the sixth edition of Washburn on Real Property, section 878, it is said:

"In this country, wherever two or more persons acquire the same estate by the same act, deed, or devise, and no indication is therein made to the contrary, they will hold as tenants in common. Thus, where commissioners confirmed claims to the same land to two differ-

Erskin v. Wood.

ent persons, they took equal shares in common, and the same would be the effect of two simultaneous conveyances to different persons.     So where two creditors made simultaneous levies on land, as they took at the same time with equal rights, they were held to be tenants in common in equal shares."

Where two grants bore the same date, and the surveys were recorded and certified on the same day, upon warrants issued at the same time, the grantees were held to be tenants in common.  (*Young v. De Bruhl,* 11 Rich. [S. C.] 638, 73 Am. Dec. 127.)  The same result was declared in Wisconsin, where under an act of the congress to ascertain and decide upon the rights of certain settlers the commissioners found and certified that each of the parties was entitled to a certain tract. Their action was confirmed by the congress, and this was held to be a grant of the same land to each, although a patent had been issued to but one, and that each took an undivided moiety of the land.  (*Challefoux and Grignon v. Ducharme et al.,* 4 Wis. 554.)

It is claimed that the plaintiff's title is defective because of an insufficient publication of the notice for the hearing in the probate court.  The record contains this admission:

"It is admitted by the defendant that a notice was published which purports on its face to have been published on the 26th day of October, 1905, and that an affidavit by the printer was filed with the notice with the probate judge, and that the notice over the heading of it reads: 'First published October 26th, 1905.'

"And that the affidavit of the printer shows that it was first published in the issue of October 26, 1905."

The paper was printed on Thursday, the 26th, and the testimony of the publisher on the trial was to the effect that the papers distributed through the mails were delivered at the post-office Friday or Saturday— that he was not sure that they were in on Friday.  The assistant postmaster testified that he did not believe they were brought in until Saturday, and afterward

said that none were brought in on Friday. In addition to this testimony there was the finding of the probate court that due notice had been given (*Beedy v. The State*, 4 Kan. App. 575, 46 Pac. 65), and the fact that a patent had been issued to the plaintiff. Considering all the evidence, along with the presumption of the regularity of the proceedings, we cannot overthrow the finding that proper notice was given. We do not now decide what would be the effect upon a legal notice otherwise properly published of a failure seasonably to mail that part of a newspaper edition circulated by that means, as the question is not necessary to the decision of this case.

The plaintiff sued for the entire tract, but upon the findings of the court recovered an undivided one-half. There was no error in this. One of two tenants in common may recover his undivided interest against his cotenant who denies his right thereto. (*Gatton v. Tolley*, 22 Kan. 678; *Everett v. Lusk*, 19 Kan. 195.)

The judgment is affirmed.