SULLIVENT v. CLEAR CREEK OIL & GAS COMPANY.

Opinion delivered April 14, 1919.

MINES AND MINERALS — CONSTRUCTION OF OIL LEASE.—An oil lease which provides that all rights under it shall cease if drilling is not commenced within a year unless the lessee elects to continue the lease in force by paying an annual rental of $35 until a well shall be drilled, does not entitle the lessor to a rental of $35 for the first year.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

STATEMENT OF FACTS.

This action was begun in the justice court.

The appellant alleged that the appellee was due him the sum of $35 on account for rent, for the second year, under a lease contract entered into November 24, 1915, between the appellant and the appellee whereby the appellant leased to the appellee a certain tract of land in Crawford County for a period of ten years and as long thereafter as oil and gas were produced in paying quantities. The appellant alleged that under the terms of the lease the appellee was to pay him a rental of $35 a year in the event of his failure to prospect for gas and oil. That the appellee had the right to forfeit the lease at any time upon the payment of all accrued rentals. That the appellee attempted to surrender said lease without paying the sum of $35, which was then due.

The case was appealed to the circuit court, where by the consent of the parties it was tried by a jury of eleven.

The appellant introduced the contract upon which he relied, and testified that the sum of $35 was due and unpaid. That some time after the lease was executed he demanded of the appellee the sum of $35 rent for the first year, and was told that appellee would pay at the end of the year. He waited and when the year was out it sent him $35, and he was satisfied until the end of the next year, and when he made demand for the next year's rent he was told that they were not to pay anything for the first year. The company did not notify the witness that

it was going to forfeit the lease, just mailed the lease to witness, and in a letter wrote that the lease was not on productive land, that it intended to cancel the same and would pay no more rent. .

The lease contained among others the following provisions: "That in case no well drilling operations for oil, gas and other minerals is begun on premises or other premises within two and a half miles from same within one year from the date thereof, all rights and obligations secured under this lease shall cease upon notice in writing being served on the said second party by the party of the first part, unless the second party shall elect to continue this lease in force as to any and all parts of the premises by paying to the party of the first part an annual rental of $35 for all of said premises or such portion thereof as the said second party may designate until a well is drilled, provided that when such well is drilled or mine opened up the above provided for rental shall cease."

"That the said second party, its successors and assigns, shall have the right at any time to surrender and terminate this lease by serving written notice upon the party of the first part of such intention, after which all payments and liabilities to accrue shall cease and terminate."

. After the evidence was adduced the court over the objection of the appellant withdrew the cause from the jury, and entered a judgment in favor of the appellee, from which is this appeal.

*J. E. London,* for appellant.

When this lease was entered into it was clearly the intention of the parties that appellee should pay an annual rental of $35 per year. Appellee only paid for the first year and it was error to take the case from the jury and in rendering judgment for defendant. Appellee did not cancel the lease. The mailing of the lease to appellant without notice was not a release. He was to pay the rent until a well was drilled. Appellee was clearly liable for the rental. 64 Ark. 627; 72 *Id.* 354; 70 *Id.* 541; 13 N.

W. 758.  Appellant accepted appellee's promise to pay
the second year's rent at the end of the year and permit-
ted him to hold the land.  This was a sufficient considera-
tion and the court erred in not submitting the case to a
jury.  Thornton on Oil and Gas, § 145, and notes; 28 Atl.
22; 42 N. E. 234; 10 Atl. 474; 27 *Id.* 961; 28 *Id.* 219; 30
*Id.* 719; 109 Pac. 851; 68 N. E. 319; 84 *Id.* 53.

*Starbird & Starbird,* for appellee.

Only nominal rent accrued the first year, $35 was
paid in advance for "a continuance of the lease" for the
second year and the notice and surrender of the lease
effectually terminated the lease at the end of the second
year.  Thornton on Oil and Gas, pp. 223, 302, § § 68, 148,
145, note 105; *Ib.,* § 229, also p. 310 b., and § 154, p. 230-1.
The surrender of the lease was a full and complete com-
pliance with its terms.  There is no error.  *Supra.*

WOOD, J., (after stating the facts).  The judgment
is correct.  Under the provisions of the contract of lease
the appellee had the exclusive right and privilege, upon
consideration of $1 of entering upon and holding the lands
described in the contract, for the period of one year, for
the purpose of drilling, mining, etc., for oil, natural
gas, coal, etc.  If drilling operations were not begun
within one year then the appellee had the option upon
the payment of $35 to continue the lease in force by pay-
ing an annual rental of $35 until a well was drilled, when
the rents should cease.  *Monfort* v. *Lanyon,* 67 Kan. 310;
the Law Relating to Oil and Gas, Thornton (2 ed.), p.
219, sec. 145.

The unambiguous terms of the contract clearly con-
templated the right upon the part of the appellee at the
end of the first year to continue the lease, to the end of
the ten-year period, upon the payment in advance of an
annual rental of $35 until a well is drilled.

The uncontradicted testimony shows that the appel-
lee at the end of the first year paid the sum of $35.  This
had the effect of continuing appellee's rights under the
contract for another year, or until November 24, 1917.

On that day the appellee wrote the appellant that the lease was not on productive land and that it intended to cancel the same and pay no more rent. This letter, which appellant testified he received, notified him of the intention of the appellee to terminate the lease and under the plain terms of the contract the appellee was not liable to the appellant thereafter for rents.

Indeed, appellant did not sue and does not claim rent after November 24, 1917. His claim is based on rents alleged to be due for the second year. As already shown appellant received the payment for that year.

Hence, the judgment of the court is correct, and it is affirmed.