# COURTS OF APPEALS

AT THE

## MARCH TERM, 1914.

*(Continued from Volume 182).*

JOHN McMENAMY INVESTMENT & REAL ES-
TATE COMPANY, Appellant, v. MARY A.
DAWLEY et al., Respondents.

**St. Louis Court of Appeals, April 7, 1914.**

1. **REAL ESTATE: Assignment of Rents: Rights Acquired.** An owner of real estate who assigns rents by a general assignment containing no provision requiring the property to be rented has a right to live in the property himself and is under no obligation to rent it.

2. ——: ——: **Rights of Assignee as Against Subsequent Grantees.** An assignee of rents issuing out of real estate acquires no interest in the real estate itself, but merely acquires a right to the rents, which are severed from the real estate by virtue of the assignment, and hence an assignee of rents, although taking precedence over subsequent grantees and mortgagees chargeable with notice of the assignment, so far as the rents are concerned, has no standing to set aside such conveyances on the ground of fraud.

3. ——: ——: **Effect.** Although rents are connected with the real estate out of which they issue, so that, if no assign-

Real Estate Co. v. Dawley.

ment or reservation is made with respect to them, they pass to the grantee, yet being chattels real and capable of being sold or assigned as such, they may be severed entirely from the real estate and pass to an assignee wholly independent of the reversionary interest.

4. ————: ————: Rights of Assignee As Against Subsequent Grantees. An assignment of rents issuing out of real estate as security for a debt due from the assignor is regarded as an equitable mortgage of the rents, and the assignee is entitled thereto, as against a subsequent grantee or mortgagee chargeable with notice, until the debt due him is paid.

5. ————: ————: Recording: Constructive Notice. Subsequent grantees of real estate are chargeable with notice of a duly recorded assignment of the rents.

6. EQUITY: Pleading: Granting Relief Under Prayer for General Relief. In an action in equity, where plaintiff is not entitled to all of the relief prayed for, but it appears that he possesses a clear right and that such right is denied and sought to be defeated by defendant, he is entitled to have such right established under the prayer of the petition for general relief.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. C. Hitchcock,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank A. C. MacManus* for appellant.

*Hugh, D. McCorkle* for respondents.

NORTONI, J.—This is a suit in equity, by which it is sought to have an assignment of rents declared a lien upon the property out of which the rents should issue, and prior to a certain mortgage and a conveyance of the property, both executed subsequently thereto. The court denied the relief prayed and dismissed the bill, and plaintiff prosecutes the appeal from that judgment.

Plaintiff is an incorporated company, engaged in the real estate and loan business in the city of St. Louis and defendants, William H. Dawley and Mary A. Dawley, his wife, owned a certain residence property, numbered 3410 Lucas avenue, in the same city, at the time the assignment of rents was executed by

them to plaintiff. The property, numbered 3410 Lucas avenue, so owned by defendants, William H. and Mary A. Dawley, it is said, is of the value of about $4200, and at all times relevant to any question made in the case here, it was encumbered by a mortgage or deed of trust, first for $2200, and thereafter for $2500. The area of the property does not exceed that allowed by the statute as a homestead, and upon considering and deducting the mortgage thereon, it appears to be available as such in point of value. Defendants, William H. and Mary A. Dawley, occupied and claimed the property at all times involved here as a homestead, and that it was a homestead within the terms of the statute appears to be conceded throughout the case. While the Dawleys resided on the property and claimed it as a homestead, on November 9, 1907, they applied to plaintiff for a loan of $2200 thereon. Plaintiff negotiated this loan for them with some third party, and a deed of trust was executed by the Dawleys on the property to secure the same, in the amount mentioned, payable three years after date. This deed of trust was duly recorded at the time it was executed. Thereafter, on the same day, November 9, 1907, defendants, William H. and Mary A. Dawley, executed to plaintiff, John McMenamy Investment & Real Estate Company, their promissory note for $205.42, payable monthly at ten dollars per month, and as security therefor executed and delivered to plaintiff, as well, an assignment of the rents issuing out of the same property. This instrument, besides containing an assignment of the rent to plaintiff, contains as well a power of attorney, authorizing plaintiff to collect and receipt for the same. This assignment of rents was duly recorded in the recorder's office in the city of St. Louis at the time it was made. It appears that, though the Dawleys resided in the property at the time, one room was rented to a tenant, at ten dollars per month, and plaintiff re-

ceived two payments of ten dollars each on his assignment of rents, and these were credited on the $205.42 note described therein. It is said that the note and assignment of rents so executed to plaintiff were in consideration of moneys advanced by plaintiff to pay taxes and in connection with other matters incident to negotiating the loan of $2200. The matter ran along for several years and, save the twenty dollars above mentioned, plaintiff received no rents from the property under its assignment, because the Dawleys occupied it as their homestead and, it is said, "contumaciously" refused to rent it thereafter.

Finally the $2200 mortgage on the property became due, and it appears that·defendants borrowed money on the property from one S. J. Randall, to liquidate the same. To this end, on the first day of December, 1910, they made and executed their promissory note for $2500 to S. J. Randall, and as security therefor executed as well a deed of trust for the same amount on the real estate, whereby the property was conveyed to L. V. Cartan, Jr., trustee, to the use of Randall. This deed of trust was duly recorded at the time it was executed and the money derived through the loan so negotiated applied to the payment of the $2200 indebtedness secured by the prior deed of trust on the property, which was duly discharged and released of record. In 1911, the Dawleys, having failed to pay the $205.42 note held by plaintiff, for the security of which they had theretofore given the assignment of rents, plaintiff instituted suit on such note before a justice of the peace and recovered a judgment in March of that year for the full amount due thereon, less twenty dollars theretofore paid.

After this suit was instituted and before it was tried—that is, on March 1, 1911—defendants, William H. and Mary A. Dawley, conveyed the homestead to their daughter, Mary J. Dawley, for a recited consideration of one dollar, but, it is said, because of love

and affection, by a general warranty deed, subject only to the deed of trust of December 1, 1910, in favor of Cartan, trustee, to the use of Randall, who then held the $2500 loan against the property. As the property was occupied at all times by the Dawleys and at no time rented, plaintiff was unsuccessful in collecting any rents therefrom, save the twenty dollars paid shortly after the note and assignment of rents were executed. On its appearing that the Dawleys had executed a subsequent deed of trust to Cartan, to the use of Randall, for $2500 and thereafter voluntarily conveyed the property to their daughter, Mary J. Dawley, plaintiff instituted this suit in equity for relief.

The bill sets up all of the facts pertaining to the matter and charges that the Dawleys "contumaciously" refused to rent the property so as to occasion it to yield an income which might be utilized in liquidating plaintiff's debt. But this is hardly supported by the evidence, though it does appear that the property was not rented after the tenant vacated the room occupied two months immediately after the assignment of the rent. The fact is, the Dawleys resided in the property, as they had a right to do, as there appears to be no covenant with plaintiff that they would rent it out. The assignment of rents is general in character, but it appears to contain no stipulation or covenant to the effect that defendants would let the property so as to assure it should yield a rental. This being true, we take it that the Dawleys were within their rights when they continued to reside in the property without letting it or any portion of it to another, but, of course, if they so let it, the rents accrued should be paid to plaintiff to whom they had theretofore been assigned.

The bill prays that the deed of trust executed December 1, 1910, to Cartan to the use of Randall be declared void and fraudulent as against plaintiff, and that the warranty deed made by the Dawleys to their

daughter, Mary J. Dawley, likewise be decalred fraud-
ulent and void, because, it is said, they were executed
with a view of defeating plaintiff's rights, and it con-
tains a prayer, too, for general relief. Though the
property was a homestead, that fact is not material,
because plaintiff does not stand as a general creditor
with respect to it, for whatever claim it has was exe-
cuted by the Dawleys and duly recorded long prior to
the execution of the deed of trust to Cartan for the use
of Randall December 1, 1910, and long prior to the
warranty deed made by the Dawleys to their daugh-
ter, Mary J. Dawley, of date March 1, 1911. Both
Randall, the holder of the subsequent deed of trust,
dated December 1, 1910, and Mary J. Dawley, the sub-
sequent grantee of the equity of redemption, must,
therefore, be charged with notice of plaintiff's prior
assignment of the rents recorded in November, 1907.

It is true all of the parties—that is, William H.
Dawley and his wife, Mary A. Dawley, and Cartan,
the trustee, and Randall, the beneficiary in the deed of
trust, and Mary J. Dawley, the grantee in the subse-
quent deed—are defendants here, but this does not au-
thorize the court to set these deeds aside, unless it be
plaintiff has a prior right to the property, and this
does not appear from its assignment of rents. It is
true that rents of land, in a way, are connected with
the premises, for if no assignment or reservation is
made with respect to them, they pass to the grantee
with the property. So, too, as a rule, an assignment
or transfer of the reversion carriers with it the right
to rent subsequently accruing. [24 Cyc. 1172.] But
though such be true, rent, as in this case, is an incor-
poreal hereditament and consists of a certain profit
issuing out of the lands or tenements. Such rent is a
chattel real and may be sold or assigned as such. In this
view, it may be severed entirely from the real estate
and pass to another wholly independent of the rever-
sionary interest. [Demarest v. Willard, 8 Cow. (N.

Y.) 206; 24 Cyc. 1172; 18 Am. & Eng. Ency. Law (2 Ed.), 260, 286.]

It, therefore, appears that plaintiff acquired no interest in the property, as such—that is, the real estate—but acquired only a right to the rents, which were severed therefrom by virtue of the assignment and made payable to it. But though plaintiff acquired no prior claim on the property, it certainly acquired a prior claim on the rents and issues thereof to the amount of the indebtedness so secured to either the subsequent mortgagee, Randall, or the subsequent grantee of the equity of redemption, Mary J. Dawley. The assignment of rents is to be regarded as an equitable mortgage of the issue or rents yielded by the property, if such be yielded, through its letting to another. It is certain that neither the subsequent deed of trust nor the subsequent conveyance, the warranty deed, passed the right to the rents theretofore assigned to this plaintiff, to the grantees therein, for the right to such rents was severed from the realty and reserved to plaintiff prior to such subsequent deeds. [See 24 Cyc. 1175.] The authority cited thus states the law on the subject: "Although the general rule is that the rent is incident to the reversion and passes with it, yet the lessor may sever the rent from the reversion by expressly reserving it, or he may grant the rent alone, in which case a subsequent grant of the reversion does not pass the rent."

Of the prior assignment of the rents, all subsequent grantees were fully advised through the constructive notice imparted under our registration laws by the fact that the assignment was of record. In this view, there can be no doubt that the subsequent deeds conveying the property were servient to the prior assignment of rents and should be so charged. Though it be plaintiff is not entitled to all of the relief prayed for, it appearing that it possesses a clear right and that such right is stoutly denied and sought to be de-

feated, it may have such right established in the premises under the prayer for the general relief which appears in the bill.   It is clear good conscience requires so much.

The judgment will, therefore, be reversed and the cause remanded to the circuit court with directions to enter a decree establishing plaintiff's right to the rents as prior to that of the holder of the reversion, and .to the effect that should the property at any time yield a rental, in whosesoever hands it may be, such rent shall be available to plaintiff until its claim and the costs of suit are paid. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.