[No. 12177. In Bank. — December 20, 1887.]

D. H. TOLMAN, RESPONDENT, v. W. S. SMITH ET AL., EUNICE W. SMITH, APPELLANT, WILLIAM REED, INTERVENOR AND APPELLANT.

MARRIED WOMAN — MORTGAGE OF SEPARATE ESTATE — DEFECTIVE ACKNOWLEDGMENT.— A mortgage executed by a married woman upon her separate real estate is an "instrument" and "conveyance," within the meaning of those words as used in sections 1186 and 1187 of the Civil Code, and unless acknowledged by her after an examination separate and apart from her husband, as provided in section 1186 of that code, is void.

ID.— ESTOPPEL TO DISPUTE VALIDITY OF MORTGAGE.— A married woman is not estopped to dispute the validity of a mortgage given by her upon her separate estate, but which is invalid by reason of a defective acknowledgment, when it does not appear either that the debt to secure which the mortgage was given was for money advanced to her, or for anything of which she had the benefit, or that the mortgagee was deceived into allowing the debt to be contracted upon the faith of her executing a mortgage to secure it.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. M. Smith, W. H. Clark,* and *Victor Montgomery,* for Appellants.

*Holloway & Kendrick,* for Respondent.

FOOTE, C.—This is an action to correct a defective acknowledgment to a mortgage as against Eunice W. Smith, a married woman, and others, and to foreclose the same. William Reed intervened in order to foreclose two mortgages upon the property included in the instrument sought first to be foreclosed. Plaintiff, Tolman, pleaded full satisfaction of Reed's mortgages. The court found in favor of the plaintiff on that issue. Judgment was rendered by that tribunal in favor of the plaintiff against Eunice W. Smith as prayed for, and that the mortgages of the intervenor, Reed, be canceled and declared satisfied. Eunice W. Smith and Reed are the only parties who appeal from the judgment and an order denying a new trial.

The answer of Eunice W. Smith denied that she had acknowledged the mortgage sought to be foreclosed against her in the manner required by sections 1186 and 1191 of the Civil Code, and alleged that she "was not made acquainted with the contents of said instrument, without the hearing of her said husband, by a notary public or other officer authorized to take such acknowledgments," and further alleges "that she did not acknowledge to such officer that she had executed said instrument, and did not wish to retract such execution, and that defendant therefore denies that she executed a mortgage to secure the payment of said note, or at all, as is alleged in said complaint." The defendants objected to the introduction in evidence of the mortgage, but the objection was overruled, and that instrument was admitted in evidence. The defendant Eunice W. Smith also set up in her answer, upon which the court

made no finding, that she signed the note which the alleged mortgage was intended to secure, not for any debt of her own, but for and on account of an antecedent debt of her husband. The court found that as a fact the property included in the mortgage was her separate property, and that the mortgage was never acknowledged by her in the manner and form or substantially as required by sections 1186 and 1191 of the Civil Code of California; that at the time she signed said mortgage she had full knowledge of its contents, derived, however, solely from her husband, and that she signed the same for the purpose and with the intent of charging the real estate therein mentioned with a mortgage lien to secure the payment of a promissory note which she had signed with her husband, but that she was not at that time nor at any other time made acquainted with the contents of the mortgage by the notary public who took her acknowledgment thereto, and that she never acknowledged to said notary public, without the hearing of her husband, that she did not wish to retract the execution of said instrument. As a conclusion of law based upon this state of facts, the court found that "the plaintiff's mortgage was never duly acknowledged by Eunice W. Smith as a married woman, but that in equity the plaintiff is entitled to have his lien declared and enforced according to the intention and purpose of the parties as hereinbefore found."

The plaintiff contends that inasmuch as Mrs. Smith intended to execute the mortgage upon her separate property to secure her note made jointly with her husband, that the court had a right to order the mortgage to be foreclosed, notwithstanding the fact that the instrument in question never was acknowledged as required by the provisions of sections 1186 and 1191 of the Civil Code. As we understand the argument of the plaintiff's counsel upon the point in dispute, it is that

these sections do not require a mortgage given by a married woman upon her separate property to be acknowledged and certified as her deed would have to be, but that it may be done as if she were a *feme sole*. They affirm that the grants and conveyances only of a married woman must be acknowledged and certified as laid down in those sections of the Civil Code, *supra*, and that the legislature in enacting them did not intend that a mortgage should be included by the terms thereof. They cite various sections of the Civil Code as confirmatory of this view, and particular stress is laid upon the language of section 158 of that code, viz.: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried."

We are asked to say that the words " any engagement or transaction with respect to property" include the power to mortgage a married woman's separate estate, — it may be to secure an antecedent debt of the husband, — without her acknowledging that instrument in any other way than if she was a *feme sole*. We do not so interpret the several sections of the Civil Code, the construction of which is involved in the matter. Nor do we perceive why any different rule should exist as between the acknowledgment by a married woman of a mortgage or a deed. One of the main objects of the statutes in giving the power to a married woman of alienating her real property seems to have been that she should be placed in a situation where she could be independent of her husband's control and influence as to the disposition of her separate estate. He might influence her just as much to her injury in executing a mortgage to secure his debt as by inducing her to deed away her land and give him the money. So that there does not seem to be any controlling reason why the legislature should have made a difference so radical in its character between the essentials necessary to make valid a deed of a married

woman rather than a mortgage. In section 1186, *supra,* it is provided that the acknowledgment of a married woman to an instrument, etc., must not be taken or certified unless under certain conditions. This is a limitation, of course, upon the powers conferred upon her by section 158, *supra.* The next section (1187) refers to the conveyance of a married woman, and annexes a condition to its execution, without a compliance with which the instrument is invalid. A conveyance is an instrument within the meaning of section 1186.

The question then is, Was it the legislative intention, in carrying out its desire to prevent the husband from improperly influencing the wife to alienate her landed estate by deed, also to place the same protection over her rights by annexing a condition to her mortgaging it? We think that body did intend to include "mortgage" in the terms "instrument" and "conveyance," as used in the sections of the Civil Code, *supra,* and that a mortgage signed by a married woman is not executed so as to be valid unless acknowledged as a deed is required to be. It is true, this court has declared that a mortgage is merely a lien upon and passes no estate or interest in the mortgage premises except for taxation. (*Williams* v. *Mining Association,* 66 Cal. 193.) But in that case what was said upon the matter under consideration was intended to define what was the nature of the interest which passed in the mortgaged premises by that instrument. It did not declare what was the legislative intent in using the words "instrument" and "conveyance" in the two sections of the Civil Code, *supra,* as to the necessary formalities of an acknowledgment of a married woman. Section 1215 of the Civil Code, which is a part of the article treating of the recording of written instruments, declares that mortgages shall be held to be included in the term "conveyance." (*Hassey* v. *Wilke,* 55 Cal. 528.) Therefore it is at least certain that the legislature has upon occasion used the

word "conveyance" in a sense which would include the word "mortgage." Section 2922 of the Civil Code provides as follows: "A mortgage can be created, renewed, or extended only by writing executed with the formalities required in the case of a grant of real property."

A grant of the separate property of a married woman, being real estate, is not valid unless acknowledged by her as required by sections 1186 and 1191 of the Civil Code. (Section 1093, Civ. Code.) It follows, that as a mortgage must be executed with the formalities of a grant, and as a grant by a married woman of her separate property is invalid unless acknowledged by her after an examination separate and apart, etc., from her husband, etc., as provided in section 1186, that a mortgage not thus acknowledged by her is void.

The view which the respondent asks us to take of the matter in hand is, as it seems to us, very extreme, and opposed, as we think, to views heretofore entertained by this court in *Leonis* v. *Lazzarovich*, 55 Cal. 55; *Wedel* v. *Herman*, 59 Cal. 507; *Joseph* v. *Dougherty*, 60 Cal. 358.

There is nothing in this record which indicates that the debt, to secure which the mortgage was given upon the separate property of the wife, was for money advanced to her, or for anything of which she had the benefit; the findings are silent as to the allegation in her answer that the debt was an antecedent one of her husband. Therefore we do not perceive any equity existing in the transaction in favor of the plaintiff which should be held to work as an *estoppel in pais* upon the defendant Mrs. Smith, a married woman, so as to compel her to be bound by an instrument she never executed, which, so far as this record shows, was of no benefit to her or her estate, especially when there is no proof or finding that the creditor was deceived into allowing a debt to be contracted in the first instance by either her or her husband, upon the faith that she would execute a mortgage to secure that debt.

The certificate of acknowledgment of the mortgage being confessedly defective according to the complaint, and a part of the prayer for relief having been that it might be perfected, we are not called upon nor do we pass upon the question as to what the rights of the parties might have been had the certificate been in due form according to the statute. No necessity is perceived for determining any other point made, and the judgment and order should be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Rehearing denied.