## LANDRUM v. GRAHAM.

No. 794, Ind. T.    Opinion Filed November 11, 1908.)

(98 Pac. 432.)

INDIANS—Mortgage by Cherokee Allottee—Validity. A mortgage by an allottee of her lands, exclusive of her homestead, in the Cherokee Nation, made, executed, and delivered before the expiration of five years from the date of the ratification of Act Cong. July 1, 1902, c. 1375, sec. 14, 32 Stat. 717, but subsequent to Act Cong. April 21, 1904, c. 1402, sec. 1, 33 Stat. 204, is a valid and subsisting security, and may be enforced.

(Syllabus by the Court.)

*Error to the United States Court for the Northern District of the Indian Territory, at Pryor Creek; Luman F. Parker, Judge.*

Action by W. A. Graham against Winnie Landrum. Judgment for plaintiff. Defendant brings error. Affirmed.

On November 3, 1905, W. A. Graham, defendant in error, plaintiff below, sued Winnie Landrum, Arch Landrum, and Spence Landrum, plaintiffs in error, defendants below, in the United

States court for the Indian Territory, Northern district, at Pryor Creek, to foreclose a mortgage on certain real estate, dated September 12, 1904, made, executed, and delivered by said Winnie Landrum and Arch Landrum to said Graham to secure the payment of a certain promissory note whereby said Spence Landrum and Arch Landrum promised to pay said Graham $270.25 on January 1, 1905, together with 8 per cent. per annum from date until paid.

After answer filed by Winnie Landrum, the case was referred to a special master, who found the facts to be, in substance, that W. A. Graham, hereafter called plaintiff, and Winnie Landrum, hereafter called defendant, are and were at the institution of the suit residents of the Northern district of the Indian Territory where the lands sought to be taken in foreclosure lie; that she is a Cherokee freedman, and not of Indian blood; that Arch Landrum is her husband and Spence Landrum their son; that on September 12, 1904, defendants executed the mortgage set forth in the complaint; that the lands therein described were a part of her allotment, exclusive of her homestead; that the same was executed to secure to plaintiff payment of a promissory note of even date signed by said Arch Landrum and Spence Landrum, and set forth in the complaint, the same being given for a pre-existing indebtedness to plaintiff; that the only consideration for the execution of said mortgage was an extension of the time of the note aforesaid and the release of a certain chattel mortgage executed by said Arch Landrum and Spence Landrum to secure to plaintiff said pre-existing debt; that the mortgage debt is due and condition broken; that defendant had apparently abandoned all defense urged in her answer, except that, being a Cherokee freedman and the mortgaged land being a part of her allotment, said mortgage is void, and recommended that relief be decreed according to the prayer of plaintiff's complaint. To this report exceptions were filed and overruled, and, the cause coming on for hearing, the court sustained the report of the master, rendered judgment by default against Arch Landrum and Spence Landrum for $276.80,

and ordered the land sold to satisfy the same and the mortgage foreclosed.

From this decree defendant appealed to the United States Court of Appeals in the Indian Territory, and the same is now before us for review as successors to that court by virtue of the terms of the Enabling Act and the Schedule of the Constitution.

*George E. McCollough,* for plaintiff in error.

*J. Howard Langley,* for defendant in error.

TURNER, J. (after stating the facts as above). The only assignment of error necessary to be considered is that the court erred in holding the mortgage to be a valid and subsisting lien upon the lands therein set forth. It is contended that, as the same is an incumbrance, it was executed in violation of Act. Cong. July 1, 1902, c. 1375, § 14, 32 Stat. 717, which among other things provides, "Lands allotted to citizens shall not in any manner whatever or at any time be encumbered, taken or sold to secure or satisfy any debt or obligation, or be alienated by the allottee or his heirs, before the expiration of five years from the date of the ratification of this act," and is therefore void, in that it was executed "before the expiration of five years from the date of the ratification of this act."

By way of answer to this contention, it is urged in support of the judgment of the trial court that that part of Act. Cong. April 21, 1904, c. 1402, § 1, 33 Stat. 204, which reads, "And all restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, are, except as to homesteads, hereby removed," removed not only the restrictions on the alienation of the lands of this allottee exclusive of her homestead, but also, by implication, removed her restrictions on incumbering the same, and, as the mortgage in question was executed subsequent to the passage of said act, it is a valid and subsisting security which the trial court did not err in ordering enforced. By this we think the contention well met. It is apparent that that part of the

act of July 1, 1902, *supra,* was intended to place it beyond the power of the allottee to alienate her surplus lands for a period of five years from its ratification. In order to more effectually accomplish this purpose, said act also placed it beyond her power to incumber them during that period; it being well known that an incumbrance is often the first step leading to and frequently compelling an alienation. It is also apparent that Congress in removing her restrictions on alienation by the act of April 21, 1902, *supra,* had no object in further retaining the restriction on incumbering, and that in repealing, in effect, the law imposing the restrictions on alienation, it also, by implication, repealed the restrictions on incumbering.

If this is not the proper construction and that contended for by plaintiff in error is, then Congress in this instance made use of terms the correct construction of which will inevitably lead to an absurdity in that the greater does not include the lesser—that an allottee as to his surplus lands can alienate it by deed in fee simple, can give it away, can make an absolute alienation, but cannot make a conditional alienation in the way of a mortgage as security for a debt or loan. We decline to adopt such construction.

"There is a strong presumption against absurdity in a statute, and, where the language of an act is susceptible to two senses, that sense will be adopted which will not lead to absurd consequences." (26 Am. & Eng. Enc. of Law, 640.)

We are therefore of the opinion that the mortgage in question was not executed in violation of law; that it was a valid and subsisting lien and security upon the lands therein set forth; that there was no error in the decree of foreclosure of the trial court, and for that reason the same is affirmed.

All the Justices concur.