## HARRIS *et al.* v. LYNDE-BOWMAN-DARBY CO.

No. 1001.    Opinion Filed July 22, 1911.

(116 Pac. 808.)

INDIANS—Mortgage by Allottee—Validity.    A mortgage by an allottee of his lands, exclusive of his homestead, in the Creek Nation, executed and delivered before the expiration of five years from the date of the approval of the Supplemental Creek Agreement, which was proclaimed by the President on August 8, 1902, (32

Stat. 2021; Act June 30, 1902, c. 1323, 32 Stat. 503), but subsequent to Act Cong. April 21, 1904, c. 1402, sec. 1, 33 Stat. 204, the restrictions against the allottee's alienation of such land having been removed by the Secretary of the Interior under said Act April 21, 1904, is a valid and subsisting security, and may be enforced.

(Syllabus by the Court.)

*Error from District Court, Wagoner County; J. H. King, Judge.*

Action between the Lynde-Bowman-Darby Company and William H. Harris and others. From the judgment, Harris and others bring error. Affirmed.

*R. F. Blair,* for plaintiffs in error.

*L. J. Roach* and *Chris M. Bradley,* for the defendant in error.

WILLIAMS, J. The question for determination in this case is as to whether a mortgage executed on certain allotted land by a member by blood of the Creek Nation, after the removal of his restrictions against the alienation of such land by the Secretary of the Interior under Act April 21, 1904, c. 1402, § 16, 33 Stat. 204, is valid. That such mortgage is valid in effect seems to have been heretofore held by this court. *Landrum v. Graham,* 22 Okla. 458, 98 Pac. 432. Judge Campbell, of the United States District Court for the Eastern District of Oklahoma, has also held substantially the same in the case of *Frame et al. v. Bivens et al.,* 187 Fed. ——, not yet officially reported. See, also, *Kolachny v. Galbreath,* 26 Okla. 777, 110 Pac. 902; *Eldred et al. v. Okmulgee Loan & Trust Co.,* 22 Okla. 747, 98 Pac. 929.

Parties relying upon similar holdings, not only by the *nisi prius* courts of this state, but also this court, as well as the United States District Court for the Eastern District of Oklahoma, have loaned thousands of dollars upon such security. Such investments were made in good faith, relying upon such construction that, where restriction against alienation was removed, such land might not only be sold and conveyed by deed, but also by mortgage to secure such loans. This is a reasonable construction, and to adopt any other would unjustly disturb such property interests. Certainly the allottee, who is permitted by the removal of his

restrictions to convey his land by deed in fee simple forever, for a consideration, cannot be hurt by a construction that permits him to convey such land by mortgage as security for money borrowed, or a good and sufficient consideration. No narrow and restricted construction, striking down such security, but one that accords with reason, justice, and honesty, sustaining same, should be adopted.

The judgment of the lower court is affirmed.

All the Justices concur.