## GUARANTY STATE BANK OF FT. WORTH et al. v. LA HAY.

No. 13684—Opinion Filed March 4, 1924.

### 1. Chattel Mortgages—Sufficiency of Filing —Laches of Filing Officer.

Under section 4031, Rev. Laws 1910, which makes a chattel mortgage void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property for value, unless the mortgage "be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated," held, that the mortgagee has done all the law requires of him when he has filed the mortgage by depositing in the office of the register of deeds; and if the instrument is not then properly recorded and indexed, it is the fault of the register of deeds, and the mortgagee will not lose his rights, nor be made to suffer by reason of the laches of the register of deeds.

### 2. Same—Sufficiency of Acknowledgment.

A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgment of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer, as herein provided, shall be duly admitted of record. Section 7655, Comp. Stat. 1921.

Held, the sufficiency of the acknowledgment of a chattel mortgage is not to be tested by section 1179, Rev. Laws 1910, which prescribed a form of acknowledgment of instruments "affecting real estate," but must be tested by section 4036, Rev. Laws 1910, which only requires such an acknowledgment to chattel mortgages as will attest and identify the signature of the mortgagor.

### 3. Same.

Where grantor executes a chattel mortgage and presents it to the county clerk with

a request that the county clerk acknowledge and attest same, and the county clerk indorses thereon the following: "Signed and executed in the presence of J. A. Carnes, County Clerk of Stephens County, Oklahoma, June 9, 1921," and affixes his official seal thereto, held, such indorsement by the county clerk is a sufficient acknowledgment of the instrument and meets the requirements of section 7655, Comp. Stat. 1921.

(Syllabus by Ruth C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Margaret La Hay against Guaranty State Bank of Ft. Worth and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. A. Bryce, for plaintiff in error.

R. L. Disney, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court of Stephens county, Okla., by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, wherein plaintiff sought to recover judgment against Hall T. Wyngate for the sum of $3,450, and against all of the defendants below for the possession of a Marmon chummy roadster, and for foreclosure of a certain mortgage, and for convenience the defendant in error will be designated as plaintiff and the Guaranty State Bank of Fort Worth will be designated as defendant for the purposes of this opinion.

It appears from the record in this case that Hall T. Wyngate was the owner of a certain Marmon chummy roadster, and on June 29, 1921, he executed a mortgage on the same to the plaintiff, and the mortgage was filed for record with the county clerk of Stephens county on the 29th day of June, 1921, at three o'clock p. m.: that in filing the mortgage the county clerk indexed the same under the letter "Y" under the name of "Yongate," and on the lower left hand corner of the mortgage appears the following:

"Signed and executed in the presence of J. A. Carnes, County Clerk of Stephens County, Oklahoma, June 29, 1921." (Seal) —and it further bears the indorsement:

"No 1-6676-State of Oklahoma, Stephens Co., ss. This Instrument was filed June 29, 1921, at 3 o'clock p. m. J. A. Carnes, County Clerk."

It appears further that sometime after the execution and filing of the mortgage covering the Marmon car, the defendant bank caused a writ of attachment to issue based upon some claim against Wyngate, and under the writ so issued, the defendant E. H. Robyne, sheriff of Stephens county, seized the car, and plaintiff joined the bank and the sheriff as defendants.

The cause was tried to the court, both parties having specifically waived a jury, and after judgment for the plaintiff, defendant bank regularly brings this cause here for review.

No question is raised attacking the bona fides of the transaction. The evidence is uncontradicted that plaintiff parted with her money in good faith and upon the execution and filing of the mortgage. The evidence of the defendant Wyngate discloses that he borrowed money from the plaintiff and executed the mortgage to the plaintiff covering the Marmon car and also executed another mortgage covering other property; that the mortgage was not attested by two subscribed witnesses, not interested in the subject-matter of the mortgage, and the only acknowledgment was as set forth above, to wit: "Signed and executed in the presence of J. A. Carnes, county clerk, Stephens county, Oklahoma, June 29th, 1921." It is testified by Wyngate that he took the mortgage to the county clerk and asked him if he could take his acknowledgment to the same, and being assured that he could he requested Carnes to acknowledge the same and file it of record, and that the same was filed of record. J. A. Carnes, county clerk, Stephens county, Okla., says he recalls the transaction very distinctly, and that Mr. Wyngate asked him to acknowledge the same, and it was their intention to acknowledge the same, and he did acknowledge the same, although, perhaps, not in the usual form, but truly believed that he had filled out the acknowledgment and that Wyngate signed and executed the instrument in his presence and requested him to acknowledge it, and the same was thereafter filed, and through error it was indexed under the "Y's" instead of "W's". At the conclusion of the plaintiff's testimony, a demurrer was filed, overruled, and notice given by the defendant of its intention to appeal to the Supreme Court of the state of Oklahoma, and this cause is regularly brought here for review upon the judgment of the court below in overruling the demurrer of the defendant to the plaintiff's evidence. The defendants rested their argument upon two propositions:

"(1) Was sufficient evidence introduced to prove the allegation in the petition that the plaintiffs in error, defendants below, had actual notice of the existence and filing of the chattel mortgage?

"(2) Was the mortgage, which was filed, possessed of the proper requisites to entitle it to record so as to impart constructive notice to the plaintiff in error, defendant be-

low, at the time that its attachment was levied on the property?"

We will consider the propositions presented by the defendants in inverse order.

It is not controverted that Wyngate executed the mortgage in the presence of the county clerk and filed it of record, paying the acknowledgment fee, and the fee for recording the same; and it is shown by the records of the county clerk's office that he received the money from Wyngate both for taking the acknowledgment and recording the instrument, and made his proper return of these two items of receipt to the proper authorities, and Wyngate, in so depositing the instrument for filing; did all that was required of him under the laws of this state so far as filing the instrument for record is concerned, and the indexing of the same under the letter "X" instead of under the letter "W" was clearly an error of the clerk beyond the control of the mortgagor. In Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77, it appears the clerk, or at that time the register of deeds, for the county did not index a chattel mortgage as the law required, but recorded it in a miscellaneous record kept in his office, and this court held:

"Under section 4031, Rev. Laws 1910, which makes 'a chattel mortgage void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property for value, unless the mortgage 'be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated, held, that mortgagee has done all the law requires of him when he has filed the mortgage by depositing it in the office of the register of deeds; and, if the instrument is not then properly recorded, and indexed, it is the fault of the register of deeds, and the mortgagee will not lose his rights, nor be made to suffer by reason of the laches of the register of deeds."

This interpretation of the statute has never been departed from and remains the fixed and settled law of this state, and disposes of the question presented in the defendant's second proposition as the mortgagor having deposited the same with the county clerk, recording of the instrument was constructive notice to the defendants. Section 7655, Comp. Stat. 1921, provides as follows:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer as herein provided, shall be duly admitted of record."

It is true, the mortgage in question was not in the usual form of acknowledgment, but the same was signed in the presence of the county clerk who is empowered by law to take acknowledgments, and the mortgagor acknowledged that he signed it and requested the clerk to take his acknowledgment, which the clerk did; and we cannot concede that where an instrument shows it was signed and executed in the presence of the county clerk that it has less force and effect and is wholly void by reason of the word "executed" being substituted for the word "acknowledged." In Dabney v. Hathaway, supra, this court said:

"The sufficiency of the acknowledgment of a chattel mortgage is not to be tested by section 1179, Rev. Laws 1910, which prescribes a form of acnowledgment of instruments 'affecting real estate,' but must be tested by section 4036, Rev. Laws 1910, which only requires such an acknowledgment to chattel mortgages as will attest and identify the signature of the mortgagor."

1 C. J. 856, lays down the rule as follows:

"The employment of the word 'acknowledged' is not, however, essential and any language by which the fact of acknowledgment is fairly made to appear is sufficient"

—and further, in note 33-C, states:

"Where an acknowledgment was taken in open court a recital that the instrument was 'signed, sealed and delivered in the presence of the court' also held equivalent to a recital that it was acknowledged"

—and the mere omission on the part of the clerk to insert "acknowledged" did not render the instrument defective as to creditors or subsequent purchasers, it being manifestly the intention of the parties to comply strictly with the statute and the mortgagor did in fact sign and execute and acknowledge the mortgage in the presence of the county clerk.

In 1 C. J. 841, we find the following:

"Where the statute merely requires an instrument to be acknowledged without prescribing any form of certificate or providing what it shall contain, a certificate is sufficient which fairly shows that the grantor personally appeared before the officer and acknowledged the instrument to be his act and deed."

Section 7657, Comp. Stat. 1921, provides:

"A mortgage is not to be deemed defectively filed by reason of any errors in the copy filed, which do not tend to mislead a party interested; and the negligence of the officer with whom a mortgage is filed does not prejudice the rights of the mortgagee."

It being conclusively proven that the mortgagor did all things required of him under this statute, and the error in the substitution of the word "executed" for that of "acknowledged" being that of the officer, and the in-

correct indexing of the mortgage in the chattel mortgage records being error solely of the officer whose duty it was to properly record the same, and there being nothing in the record to show that the debt, if any, due the defendant from Wyngate was contracted after the mortgage was executed and filed or that its rights were in any manner prejudiced, we find no error in the judgment of the court overruling the demurrer of the defendants to plaintiff's evidence, and the judgment of the lower court should, therefore, be affirmed.

By the Court: It is so ordered.