## TIGER v. SELLERS.
### No. 2917.

Circuit Court of Appeals, Tenth Circuit.

Nov. 27, 1944.

Rehearing Denied Dec. 29, 1944.

George H. Jennings, of Sapulpa, Okl., for appellant.

S. A. Denyer, of Drumright, Okl., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Ada Tiger, now Lozier, a full-blood member of the Creek or Muskogee Tribe of Indians, enrolled opposite New Born Roll No. 390, is the owner of a tract of land situate in Creek County, Oklahoma, which she inherited from Minnie Cah-tah-won, a full-blood member of such Tribe, enrolled opposite Roll No. 6708, to whom the land was originally allotted, and who died intestate on or about July 17, 1914, leaving Mrs. Lozier as her sole heir.

L. E. Gibson died testate on May 13, 1939. D. C. Sellers is the executor of the estate of Gibson.

On May 9, 1929, Mrs. Lozier and her then husband, Charles E. Lozier, executed to Gibson a promissory note for $1,500, bearing interest at ten per cent per annum, payable annually, due four years from date, and a mortgage on such land to secure the payment of the note. The mortgage contained a provision that in the event of default, the mortgagee should be entitled to the immediate possession of the mortgaged premises and all the rents and profits thereof. Upon written petition of the Loziers, the county court of Creek County entered an order approving the note and mortgage. The note and mortgage were delivered to Gibson and Mrs. Lozier received the proceeds of the loan.

Mrs. Lozier brought this action seeking a judgment adjudging the mortgage to be

void under the provisions of § 9 of the Act of Congress of May 27, 1908, 35 Stat. 312, as amended by § 1 of the Act of Congress of April 12, 1926, 44 Stat. 239, adjudging the provisions of the mortgage with respect to the assignment of rents to be void under the provisions of the Act of Congress of May 27, 1908, 35 Stat. 312, as amended by the provisions of the Act of Congress of April 12, 1926, 44 Stat. 239, and the Act of Congress of February 11, 1936, 49 Stat. 1135, 25 U.S.C.A. § 393a, adjudging the mortgage to be barred by the statute of limitations of Oklahoma, and confirming and quieting her title. She also sought a money judgment against Sellers for $1.625. Sellers filed a cross-petition praying for a judgment on the note and for the foreclosure of the mortgage. The United States intervened in the action. It prayed that the provisions of the mortgage with respect to rents be adjudged to be void and that judgment be awarded for the benefit of Mrs. Lozier for the reasonable rental value of the land from 1930 to 1943.

Mrs. Lozier defaulted in the interest installments which became due on the mortgage in 1930, 1931, and 1932. On September 24, 1932, the Loziers executed and delivered to Gibson a written assignment of the rents for the year 1932, and subsequent thereto, and authorized Gibson to apply such rents on the mortgage indebtedness. The assignment was not approved by the county court of Creek County. Gibson collected the rents for the years 1932 and 1933. From January 1, 1934, Gibson rented the land and, through his tenants, remained in the possession thereof until his death. Thereafter, his executor, through his tenants, remained in possession of the land and collected the rents therefrom until January 6, 1943. The rents so collected were credited on the mortgage indebtedness.

In January, 1943, Mrs. Lozier went into possession of the mortgaged premises, through her tenants, without the knowledge or consent of the executor.

The trial court found that the reasonable rental value of the land for the years 1932 to 1943, inclusive, was $1,020, and that the excess of that amount over the rents actually collected should be applied as an additional credit on the mortgage indebtedness. The trial court found that Gibson had paid taxes on the land for the year 1932 in the sum of $47.85. It awarded judgment in favor of the executor and against Mrs. Lozier for the balance due on the mortgage indebtedness and the amount paid for taxes, with interest, and for the foreclosure of the mortgage. Mrs. Lozier has appealed.

■ In a long line of decisions, the state and federal courts in Oklahoma have held that the term "conveyance," as used in the provisions restricting alienation in the Act of May 27, 1908, 35 Stat. 312, embraces a mortgage.[1] The material portions of § 9 of the Act of May 27, 1908, 35 Stat. 312, 315, read as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any fullblood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee: * * *."

The proviso was amended by the Act of April 12, 1926, 44 Stat. 239, to read as follows:

"Provided, That hereafter no conveyance by any full-blood Indian of the Five Civilized Tribes of any interest in lands restricted by section 1 of this Act acquired by inheritance or devise from an allottee of such lands shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee or testator: * * *."

■ It will be noted that, by the amendment, Congress did not change the phrase "no conveyance of any interest." This is persuasive evidence of the adoption by Congress of the construction placed on the term "conveyance" by the state and federal courts in Oklahoma.[2]

---

[1] See Terrell v. Scott, 1927, 129 Okl. 78, 262 P. 1071; Potter v. Vernon, 1928, 129 Okl. 251, 264 P. 611; Schmidt v. Durant, 1929, 136 Okl. 56, 276 P. 218; Landrum v. Graham, 1908, 22 Okl. 458, 98 P. 432; Harris v. Lynde-Bowman-Darby Co., 1911, 29 Okl. 362, 116 P. 808; Frame v. Bivens, C.C.E.D.Okl.1909, 189 F. 785.

[2] Missouri v. Ross, 299 U.S. 72, 75, 57 S. Ct. 60, 81 L.Ed. 46; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 466, 53 S.Ct. 435, 77 L.Ed. 893; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457; Hecht v. Malley, 265 U.S. 144, 153, 44 S.Ct. 462, 68 L.Ed. 949.

Moreover, the Department of the Interior, charged with the enforcement of restrictions against alienation, has not in the instant case nor in other proceedings challenged the validity of mortgages given by full-blood Indian heirs of lands acquired by inheritance from allottees of such lands, when approved by the proper county court, which indicates that Department approves the construction placed on § 9, supra, by the decisions of the Supreme Court of Oklahoma.

■ The construction placed on § 9, supra, by the Supreme Court of Oklahoma has become a rule of property in the State of Oklahoma. The construction placed by a state court on a federal statute is not binding on the federal courts, but, when such a construction has become a rule of property and for years has governed transfers of real estate, and at most is only debatable, it should not be overturned.[3]

Under the Oklahoma statute of limitations, an action to recover upon a promissory note and an action to foreclose a real estate mortgage must be commenced within five years after the cause of action shall have accrued.[4]

■ The Supreme Court of Oklahoma has held that a provision in a real estate mortgage authorizing the mortgagee, on default, to take possession of the mortgaged premises and receive the rents and profits is contrary to public policy and void.[5]

■ An assignment of future rents is an incorporeal hereditament and an interest in real estate.[6] The assignment of rents, not having been approved by the county court, was, therefore, void.[7] Hence, Gibson and the executor had no lawful right to collect the rents and apply them as credits on the mortgage indebtedness and Mrs. Lozier is entitled to recover such payments.

■■ In order for part payment to toll the running of the statute of limitations, it must be voluntary.[8] We are of the opinion that the application of the rents by Gibson and the executor cannot be regarded, under the circumstances, as voluntary payments by Mrs. Lozier on the mortgage indebtedness.

■ Under the Oklahoma decisions, the running of the statute of limitations is tolled during the period the mortgagee is in possession of the mortgaged premises, not holding such premises adversely to the mortgagor. In Neel v. First Federal Sav. & Loan Ass'n of Shawnee, Okl.Sup., 147 P.2d 440, the mortgagee, upon default in the mortgagee indebtedness, took possession, without notice to the owner. In that case the first syllabus, which is the law of the case in Oklahoma, reads:

"Mortgagee who took possession of realty, though without notice to owner, upon default in payment of mortgage, became 'mortgagee in possession' as respects running of statute of limitations against right to foreclose mortgage."

In the opinion, the court said:

"There can be no question that the plaintiff from December, 1932 to 1939, was a mortgagee in possession; that it took possession peaceably and retained such possession until the termination thereof in 1939.

"'It is not necessary to the status of a mortgagee in possession that possession of the land shall have been taken under the mortgage, nor with the consent of the mortgagor.' Jaggar v. Plunkett, 81 Kan. 565, 106 P. 280, 25 L.R.A.,N.S., 935. See, also, Faxon v. All Persons, 166 Cal. 707, 137 P. 919, L.R.A.1916B, 1209; Cameron v. Ah Quong et al., 175 Cal. 377, 165 P. 961.

"The statute of limitations under the facts in this case did not run in favor of the defendant and against the plaintiff during the time that the mortgagee was in possession by reason of the fact that the mortgagee was not claiming adversely to the defendant. * * * The statute of limi-

[3] United States v. Lee, 10 Cir., 108 F. 2d 936, 942; Johnson v. United States, 10 Cir., 64 F.2d 674, 677; Reynolds v. Fewell, 236 U.S. 58, 66, 35 S.Ct. 230, 59 L.Ed. 465; Truskett v. Closser, 236 U.S. 223, 229, 35 S.Ct. 385, 59 L.Ed. 549.

[4] 12 O.S.A. § 95.

[5] Hart v. Bingman, 171 Okl. 429, 43 P. 2d 447, 449.

[6] Schmid v. Baum's Home of Flowers, Inc., 162 Tenn. 439, 37 S.W.2d 105, 108,
75 A.L.R. 261; Winnisimmet Trust, Inc., v. Libby, 232 Mass. 491, 122 N.E. 575, 576; John McMenamy Inv. & Real Estate Co. v. Dawley, 183 Mo.App. 1, 165 S.W. 829, 831.

[7] United States v. Hinkle, 8 Cir., 261 F. 518, 521; United States v. Noble, 237 U.S. 74, 80, 35 S.Ct. 532, 59 L.Ed. 844; Shoat v. Oliver, 46 Okl. 683, 148 P. 709.

[8] Street v. Moore, 172 Okl. 336, 45 P. 2d 73, 74.

tations begins to run from the date adverse possession is taken by the mortgagee, and is barred within five years thereafter."

In Jaggar v. Plunkett, 81 Kan. 565, 106 P. 280, 281, 25 L.R.A.,N.S., 935, cited with approval in the Neel case, Jaggar took possession of the mortgaged land under a void tax deed. Thereafter, he acquired the outstanding mortgage against the land and continued in possession claiming under the mortgage. The trial court held that, notwithstanding the tax deed was void on its face, from the date Jagger acquired the mortgage his status was that of a mortgagee in possession. The court said:

"It is not essential to the status of a mortgagee in possession that possession should have been taken under the mortgage, nor with the consent of the mortgagor. It is enough if the possession be peaceably and legally acquired. * * * To be legal, the possession must have been taken in good faith, free from deceit, fraud, or wrong, and without violation of any contract relation with the mortgagor."

In that case, possession was taken under an instrument void on its face. In the instant case, possession was taken under an assignment and a provision of the mortgage undertaking to give the mortgagee the right to take possession in the event of default, both void on their face. In neither case was possession taken under a formal right capable of enforcement. But, in both cases, the mortgagee acted in good faith.

In Stouffer v. Harlan, 68 Kan. 135, 74 P. 610, 64 L.R.A. 320, 104 Am.St.Rep. 396, the court, after reviewing the cases, held that if the mortgagee is in possession of the mortgaged premises after condition broken, he may not be dispossessed without the payment of the mortgage debt unless his possession was acquired under circumstances that he ought not, in equity, to be permitted to retain it. In that case the mortgagee entered under an invalid foreclosure sale which he believed to be valid. The court held he was a mortgagee in possession.[9]

We are of the opinion that the Supreme Court of Oklahoma in the Neel case approved the liberal rule laid down in the Kansas cases. Accordingly, we hold that the possession of Gibson and the executor tolled the running of the statute of limitations against foreclosure of the mortgage.

To the claim asserted by Mrs. Lozier for the rents collected by Gibson and the executor, the executor pleaded the Oklahoma statute of limitations. 12 O.S.A. § 95. Mrs. Lozier commenced her action on February 15, 1943. That portion of the rents collected by Gibson and the executor prior to February 15, 1940, was barred by limitations. The claim asserted by the executor on the note was also barred by limitations. However, 12 O.S.A. § 273 provides that a setoff or counterclaim "shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."[10] It further provides that a counterclaim must be one "arising out of the

---

[9] In the opinion the court said (68 Kan. at pages 613, 614, 74 P. at page 613, 64 L.R.A. 320, 104 Am.St.Rep. 396):

"Whatever may be the source of the rule historically, we think it is justified upon equitable principles by the considerations just stated, and that it should be followed, because of that fact, and be administered with reference to it; that it should be acted upon when the circumstances are such that these reasons are applicable, and only then. It is obvious that such reasons apply to all cases in which the mortgagee has actual possession of the mortgaged property, except where he has acquired it under such circumstances that it would be inequitable to permit him to assert a right under it. The expression, frequently used, that the entry must be lawful, we interpret to mean, not that it must have been effected under a formal right capable of enforcement by legal proceedings, but that it must not be through any unlawful or wrongful act, upon which the mortgagee would be estopped to found a right. The importance given to the matter of the consent or acquiescence of the mortgagor we conceive to be derived, not from the idea of its establishing a contract * * * but from the fact that it frees the mortgagee from any suspicion of having obtained possession by fraud or force. We conclude that the true rule is that, when the mortgagee is in possession of the mortgaged premises after condition broken, he may not be dispossessed without a payment of the mortgage debt, unless his possession was acquired under such circumstances that he ought not, in equity, to be permitted to retain it."

See, also, Robinson v. Smith, 133 Tex. 378, 128 S.W.2d 27, 30; Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W. 2d 1079, 1083–1085, 115 A.L.R. 329.

[10] See Scrivner v. McClelland, 75 Okl. 239, 182 P. 503; Cooper v. Gibson, 69 Okl. 105, 170 P. 220, 223; Advance Thresher Co. v. Doak, 36 Okl. 532, 129 P. 736;

contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action." 12 O.S.A. § 274 provides that a set-off can only be pleaded in an action founded on contract, and must be. a cause of action arising upon contract. The Supreme Court of Oklahoma has held that under Sections 273 and 274, supra, in an action on contract the defendant may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the plaintiff.[11]

■ An unliquidated demand on the contract may be pleaded as a setoff.[12]

■ The Supreme Court of Oklahoma has held that a cause of action founded on an implied contract may be the subject of a setoff.[13] It must follow, we think, that where the plaintiff's action is upon an implied contract, the defendant may plead as a setoff a cause of action arising upon contract.

■ Here, the claim asserted by Mrs. Lozier for rents was for money had and received and was a claim based on an implied contract.[14] The executor is entitled to assert as a setoff the claim upon the note as a defense to that portion of the claim for rents not barred by limitations. It follows that Mrs. Lozier is not entitled to recover anything on her claim for rents.

The judgment will be modified so as to award a foreclosure in rem only, and as so modified, it will be affirmed.

HUXMAN, Circuit Judge (dissenting).

I find myself unable to agree with the majority.

Under the strict rule, one may become a mortgagee in possession only when he takes possession either under the terms of the mortgage or with the consent of the mortgagor, either express or implied. Under the more liberal rule, it is sufficient if possession is acquired peaceably and legally. The basis of the more liberal rule is the application of sound equitable principles and considerations. In Stouffer v. Harlan, 68 Kan. 135, 74 P. 610, 613, 614, 64 L.R.A. 320, 104 Am.St.Rep. 396, the Kansas Supreme Court said:

"We conclude that the true rule is that, when the mortgagee is in possession of the mortgaged premises after condition broken, he may not be dispossessed without a payment of the mortgage debt, unless his possession was acquired under such circumstances that he ought not, in equity, to be permitted to retain it."

In Leinbach v. Dyatt, 117 Kan. 265, 230 P. 1074, 1077, the same court said:

"Before possession can be given effect to strengthen a mortgagee's claim, it is essential that such possession should have been acquired in some lawful manner, and without resort to means which equity cannot countenance."

Applying these equitable principles, it has been held that a mortgagee who purchased at a void or illegal foreclosure sale and went into possession of the premises, could not be dispossessed without payment of his mortgage. Stouffer v. Harlan, supra; Hays v. Tilson, 18 Tex.Civ.App. 610, 45 S.W. 479; Browne v. King, 111 Tex. 530, 235 S.W. 522; Nellis v. Minton, 91 Okl. 75, 216 P. 147.

In Jaggar v. Plunkett, 81 Kan. 565, 106 P. 280, 25 L.R.A.,N.S., 935, the Kansas Court applied these principles to a void tax sale, and held that one who purchased at a tax sale which was void for failure to comply with statutory provisions and who went into possession and thereafter acquired a mortgage on the premises could not be ousted from the premises without the payment of the mortgage, even though the tax deed under which he went into possession originally was void.

I agree that in the Neel case the Oklahoma Court approved the liberal doctrine announced in these cases. The doctrine of the Neel case is that a mortgagee in possession whose mortgage remains unpaid will not be ousted when he has strong equities in his favor. These equities were

---

Stauffer v. Campbell, 30 Okl. 76, 118 P. 391, 392.

[11] Wood & Co. v. Val Blatz Brewing Co., 112 Okl. 119, 240 P. 115, 117; Braden v. Gulf Coast Lumber Co., 89 Okl. 215, 215 P. 202, 204; Mowatt v. Shidler, 66 Okl. 303, 168 P. 1169, 1170.

[12] Curlee v. Ruland, 56 Okl. 329, 155 P. 1182, 1183; Gardner v. Risher, 35 Kan. 93, 10 P. 584.

[13] Farmers' & Merchants' Nat. Bank of Hobart v. Huckaby, 89 Okl. 214, 215 P. 429, 430.

[14] Gatton v. Tolley, 22 Kan. 678; Seibert v. Baxter, 36 Kan. 189, 12 P. 934; Kuykendall v. Taylor, 93 Kan. 471, 144 P. 818, 819; Cleveland v. Mascho, 95 Okl. 22, 222 P. 1008, 1013; Andrews Bros. Co. v. Youngstown Coke Co., 6 Cir., 86 F. 585, 596.

present in the Neel case. The statement of facts in that case justifies the conclusion that the mortgagee was in possession with the implied consent of the mortgagor, otherwise there is no basis for upholding the possession. It cannot be assumed that the Oklahoma Court intended to hold that a mortgagee whose mortgage is in default and who finds the premises unoccupied may simply walk in, take possession, and become a mortgagee in possession.

The fact that the mortgage debt remains unpaid or that an action to foreclose the mortgage is barred are not equities which will be considered in determining the nature of the mortgagee's possession. The equities that will control must relate to the manner in which possession was acquired—such as where the mortgagee in good faith purchased at a foreclosure sale, a tax sale, or other judicial proceeding conducted in good faith and at which he parted with a valuable consideration.

I agree with Judge Phillips that the assignment of rents was void because not approved by the county court. It is to be noted that the instrument assigning the rents did not purport to give the mortgagee the right to the possession. It merely authorized him to collect the rents and apply them on the mortgage debt. At the time this assignment was executed, appellant was in possession of the premises through his tenant and remained in such possession until his tenant left the premises, when appellee, without authority or right, took possession through his tenant, whom he placed on the premises. When his tenant left, appellant again went into possession.

We then have this situation: Appellee invokes the benign principles of equity to support a possession which at best can be justified only by an assignment of rents which did not give the right to possession and which we have held in any event to be void. We deny him the right to retain the rents expressly assigned in the instrument, but give him the far more valuable right, to take possession of the premises thereunder, notwithstanding that both stem from the same void instrument.

Equity should not countenance a possession which finds support only under a contract made in contravention of express statutory provisions passed for the specific purpose of protecting incompetents who are incapable of safeguarding their interests in just such transactions. Such a possession is not only devoid of equities, but in my view is most inequitable.

For these reasons, I respectfully dissent.